UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF              * | |
| JASON LEOPOLD TO UNSEAL     *     Case No. 1:13-mc-00712 (RWR) | |
| CERTAIN ELECTRONIC             * | |
| SURVEILLANCE APPLICATIONS  * | |
| AND ORDERS                            * | |

**UNITED STATES' RESPONSE TO
APPLICATION TO UNSEAL RECORDS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response to the petitioner's Application to Unseal Certain Electronic Surveillance Applications and Orders (hereafter "Petition").

**RESPONSE**

Petitioner Jason Leopold, a journalist, seeks an order from this Court making public "all applications, supporting affidavits, and court orders regarding pen registers, trap and trace devices, tracking devices, cell site location, stored email, telephone logs and customer account records from electronic service providers, except for those which relate to an ongoing investigation" (Petition at 1). Petitioner does not – because as a practical matter he cannot[1] – identify the specific pleadings he seeks to have this Court unseal. He thus proposes a broad solution to gain access to all such documents, excepting only those relating to an "ongoing" investigation. Petitioner also asks the Court for prospective relief, requesting that the Court "change its procedures to provide for a presumptive expiration date of 180 days on all sealing and nondisclosure orders." Id. at 5.

---

[1] Petitioner notes (Petition at 4, ¶ 12) that although each application for a pen register or trap and trace device was assigned a unique case number on the Court's miscellaneous docket, no listing of these docket numbers is publicly available.

We do not disagree with petitioner's basic premise that applications and orders relating to electronic surveillance methods need not necessarily be permanently sealed.[2/]  However, we disagree with the one-size-fits-all solution that he has proposed.  His request is premised on several mistaken assumptions that, once clarified, demonstrate that the relief he seeks is overbroad.

First, because there is no public record reflecting which items on the Court's miscellaneous docket relate to electronic surveillance applications or orders, petitioner requests that the United States Attorney be required to provide a list of the specific docket numbers associated with each of these applications.  Implicit in this suggestion is the notion that the United States Attorney's Office ("USAO") is responsible for all applications for electronic surveillance devices made in this jurisdiction.  This assumption is incorrect.  In particular, other litigating components of the Justice Department also make applications to this Court, as occasionally do other institutional litigants.  While the USAO is certainly willing to assist the Court in identifying the electronic surveillance applications it has submitted, it cannot account for every such application ever submitted to this Court.

In addition, petitioner's request that this Court exclude from an unsealing order only those materials that relate to an "ongoing" investigation requires further refinement.  In

---

[2/]  We take no position on whether the First Amendment and common-law right of access require the unsealing of these materials.  Rather, it seems clear from the text of the governing statutes that the Court has discretion to terminate a sealing order, and with that discretion comes the concomitant responsibility to exercise that discretion by determining when termination of a sealing order is appropriate.  See 18 U.S.C. § 3123(d)(1) (order granting application for pen register shall be sealed "until otherwise ordered by the Court"); 18 U.S.C. § 2705(b) (order for preclusion under Stored Communications Act remains in effect "for such period as the Court deems appropriate"); Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981) ("If a district court fails to exercise its discretion, that is itself an abuse of discretion.").

2

particular, the fact that the particular investigation that triggered an electronic surveillance application is no longer "ongoing" does not necessarily reflect the extinguishment of all need for secrecy. Sometimes, secrecy must be maintained even after an investigation has been completed due to ongoing witness safety or national security concerns. In addition, unsealing documents relating to a concluded investigation may sometimes jeopardize ongoing investigations that developed from the closed investigation.

Similarly, the suggestion that the Court implement a "protocol" establishing a presumptive expiration date of 180 days for all sealing and nondisclosure orders is arbitrary on its face. Petitioner offers no explanation for why the 180-day period he suggests is sufficient to justify the interests that authorize the sealing of such orders in the first place. Moreover, such a hard-and-fast deadline unduly cabins the Court's discretion, and thus conflicts with the governing statutes which permit these materials to be sealed for such time as the Court deems necessary. While there may be guidelines that the Court could develop to facilitate its exercise of discretion on a case-by-case basis, the petitioner's suggested solution is overly simplistic.

In sum, while we do not disagree with the premise that inspired petitioner's effort to identify and extinguish "stale" sealing orders relating to electronic surveillance techniques, we believe that the relief he seeks is overbroad, and this petition should accordingly be dismissed without prejudice, until such time as the Court decides to develop and announce a protocol adequate to guide the Court in its exercise of discretion in this area.[3]

---

[3] Respectfully, the decision whether, and if so how, to establish a protocol to identify more accurately, track, and ultimately terminate sealing orders is a matter that falls within the administrative responsibility of this Court. The USAO, however, as an institutional litigant and not in connection with any particular pending matter, would be willing to assist the Court in whatever manner the Court might deem appropriate towards the aim of formulating appropriate guidelines to assist the Court in this regard.

## CONCLUSION

As discussed herein, the Court should deny the petition without prejudice.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. Bar Number 447-889
United States Attorney


\_\_\_\_/s/_____
LESLIE ANN GERARDO
D.C. Bar Number 419-823
Chief, Special Proceedings Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-6779


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 20th day of December 2013, I caused a copy of the foregoing Response to be served via ECF on counsel of record, Jeffrey L. Light.

\_\_\_\_\_/s/_____
Leslie Ann Gerardo
Assistant United States Attorney