UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION )
OF JASON LEOPOLD TO UNSEAL )
CERTAIN ELECTRONIC SURVEILLANCE ) Misc Action No. 1:13-mc-712 (RWR)
APPLICATIONS AND ORDERS )
)

## MOTION TO APPOINT SPECIAL MASTER

Petitioner Jason Leopold respectfully moves the Court, pursuant to Fed R. Civ. Pro. Rule 53, to refer the above-captioned case to Hon. Royce Lamberth as special master. As explained more fully in the accompanying memorandum of points and authorities, reference to Judge Lamberth would conserve judicial resources. A proposed order is attached.

        Respectfully Submitted,

        /s/ Jeffrey L. Light
          Jeffrey L. Light
          D.C. Bar #485360
          1712 Eye St., NW
          Suite 915
          Washington, DC 20006
          (202)277-6213
          Jeffrey.Light@yahoo.com

Dated: December 23, 2013        *Counsel for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION )
OF JASON LEOPOLD TO UNSEAL )
CERTAIN ELECTRONIC SURVEILLANCE ) Misc Action No. 1:13-mc-712 (RWR)
APPLICATIONS AND ORDERS )
                                 )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT SPECIAL MASTER

Based on Petitioner's information and belief, there exist a significant number of electronic surveillance applications and orders which are, in effect, permanently sealed, because no mechanism currently exists in this Court to systematically review these documents to determine if and when they should be unsealed. Mr. Jason Leopold has petitioned this Court to remedy this problem and offered several solutions in his Petition and Proposed Order. The government "do[es] not disagree with petitioner's basic premise that applications and orders relating to electronic surveillance methods need not necessarily be permanently sealed." (U.S.A.O. Resp. at 2.) However, the government contends that the relief sought by Mr. Leopold in his Petition is overbroad. (U.S.A.O. Resp. at 2.)

Mr. Leopold appreciates the response of the government, which, among other things, raises important practical considerations that must be taken into account in determining how the Court can create a system to more accurately track and unseal "stale" electronic surveillance orders and applications. In light of the government's response, Petitioner suggests, through this motion, that the Court undertake a study of the problem and potential solutions through the appointment of a special master.

Under Fed. R. Civ. Pro. Rule 53(a)(1)(A), a Court may appoint a special master to perform duties consented to by the parties.  Here, Petitioner is the only party and he consents to the appointment of a special master to study and report back to the Court on potential solutions to the "stale" sealing order problem.  Appointment of a special master here would be desirable as it would allow the Court to avoid the burdensome task of reviewing a potentially enormous number of dockets to identify every sealed application and order for electronic surveillance.[1]  A special master could also assist the Court by developing and proposing a protocol to prevent sealing orders from going "stale" in the future and recommending how the Court's website and/or ECF/PACER could be adjusted to accommodate any new protocol.

A special master would be best positioned to carry out these tasks and present findings for the Court to consider.  Petitioner is admittedly at a disadvantage in designing a remedy for the problem he has identified due to a lack of knowledge of the internal workings of the Clerk's office, as well as due to a lack of access to review the sealed material.  The United States Attorney's Office, while it can assist the Court, has correctly pointed out that it is unable to account for every electronic surveillance application ever submitted to the Court, and that it is the responsibility of the Court to establish protocols for administering the termination of sealing orders.  This Court, which will ultimately be

---

[1] In the most analogous context that undersigned counsel could find, a FOIA case, the D.C. Circuit agreed with the District Court that reference to a special master is appropriate where a review of the raw material would be overly burdensome. *In re United States Dep't of Defense*, 848 F.2d 232, 235 (D.C. Cir. 1988).  Appointment of a special master here for the limited purpose of studying the "stale" sealing order problem and reporting back to the Court with proposed solutions, would not implicate the "untoward or irretrievable delegation of judicial authority to decide the merits" since the master would not be deciding any issue on the merits. *Id.* at 237.

responsible for ruling on the Petition, would nevertheless benefit from the appointment of a special master to study the problem and report back on potential solutions.

As it happens, Chief Judge Royce Lamberth has been leading an inquiry into how documents which should be publicly accessible, such as executed search warrants, have remained hidden from public view.  Because there is significant overlap between the subject matter of Judge Lamberth's inquiry and the subject matter of Mr. Leopold's petition, Petitioner respectfully requests that the Court take advantage of this fortuitous coincidence by appointing Judge Lamberth as a special master in the present case.  This would enable the Court to conserve judicial resources and secure the speedy resolution of this case.

      /s/ Jeffrey L. Light
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Petitioner*