UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF JASON LEOPOLD TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS AND ORDERS | Misc. Action No. 13-mc-00712 (BAH) |

**APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL AND FOR OTHER APPROPRIATE RELIEF**

1.  The Reporters Committee for Freedom of the Press ("Reporters Committee") respectfully moves the Court for an Order directing the Clerk of the Court to unseal certain court records, to make dockets and docket entries concerning such records public, and for other appropriate relief. Specifically, the Reporters Committee seeks to unseal all applications and supporting documents, including affidavits, seeking any of the following, as well as any court orders granting or denying any of the following, in connection with any investigation that is no longer active: (i) authorization for the use of any "pen register and trap and trace device" pursuant to 18 U.S.C. §§ 3121–3127; (ii) a warrant requiring an electronic communication service provider to disclose the contents of a wire or electronic communication under 18 U.S.C. § 2703(a) or (b) of the Stored Communications Act ("SCA"); (iii) a warrant requiring an electronic communication service or remote computing service provider to disclose a record or other information pertaining to a subscriber, as contemplated by 18 U.S.C. § 2703(c)(1)(A) of the SCA; or (iv) an order pursuant to 18 U.S.C. § 2703(d) of the SCA ("Section 2703(d) orders"). In addition, the Reporters Committee seeks an Order requiring that dockets and docket entries reflecting such applications and orders be made public and that any future applications

and orders of this kind be reflected on public dockets and either filed publicly or unsealed after a period of time consistent with statutory, constitutional, and common law requirements.

## INTEREST OF THE APPLICANT

2.      The Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to safeguarding the First Amendment rights and freedom of information interests of the news media and the public.  The Reporters Committee and its attorneys have provided assistance, guidance, and research in First Amendment and freedom of information litigation since 1970.  The Reporters Committee frequently represents the interests of the press and the public in cases involving access to judicial proceedings and court records.

3.      The Reporters Committee, and all members of the public and the press, have a strong interest in observing and understanding the consideration and disposition of matters by federal district courts.  That interest is heightened when the federal government is a party.

4.      The press and the public have a particularly powerful interest in obtaining access to court documents concerning judicial authorization for the use of law enforcement tools that allow the government to collect or otherwise obtain electronic communications and/or electronic communications records.  Where the government obtains a warrant allowing it to collect or obtain such information, and especially where—as in the case of Section 2703(d) orders and orders authorizing the use of pen register and trap and trace devices—no warrant is required for the government to collect or obtain such information, judicial oversight and, in turn, public oversight of the judicial process, is necessary to guard against government overreach.

**BACKGROUND**

*The Pen Register Act*

5.      Pen register and trap and trace devices ("PR/TT devices") are law enforcement surveillance tools the use of which is governed by 18 U.S.C. §§ 3121–3127 (the "Pen Register Act" or "PRA").  According to a June 2015 report of the U.S. Department of Justice's Office of Inspector General ("OIG"), PR/TT devices "have long been used for federal law enforcement purposes."  OIG, *A Review of the FBI's Use of Pen Register and Trap and Trace Devices Under the Foreign Intelligence Surveillance Act in 2007 through 2009 — Executive Summary* at 1 (June 2015), *available at* https://oig.justice.gov/reports/2015/o1506.pdf.

6.      "Pen registers record telephone numbers, e-mail addresses, and other dialing, routing, addressing, or signaling information that is transmitted by instruments or facilities—such as telephones or computers—that carry wire or electronic communications."  *Id*.  "Trap and trace devices record similar information that is received by such instruments or facilities."  *Id*. "The information that is recorded is commonly referred to as 'metadata' and does not include the contents of communications, which [PR/TT devices] are statutorily prohibited from recording." *Id*.; *see also* 18 U.S.C. § 3127.

7.      An *ex parte* order authorizing the installation and use of a PR/TT device anywhere within the United States may be entered by a court, upon an application by the government, on a showing lower than that required to obtain a warrant under Federal Rule of Criminal Procedure 41.  18 U.S.C. § 3123(a)(1).  Specifically, the court "shall enter" such an *ex parte* order "if the court finds that the attorney for the government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation."  *Id*.

8. A court order issued under the PRA authorizes "the installation and use of a pen register or a trap and trace device for a period not to exceed sixty days." 18 U.S.C. § 3123(c). Extensions for a period of time not to exceed sixty days may be granted upon application by the government as set forth in 18 U.S.C. § 3123(c)(2).

9. By statute, a court order authorizing or approving the installation and use of a PR/TT device must direct that the order be sealed until further order of the court. 18 U.S.C. § 3123(d). The PRA also requires that any such order direct "the person owning or leasing the line or other facility to which the pen register or a trap and trace device is attached or applied, or who is obligated by the order to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the court." *Id*.

10. The Reporters Committee is unaware of the number of applications for the use of PR/TT devices made to the U.S. District Court for the District of Columbia by the executive branch and of the number of court orders granting or denying such applications. Such applications and orders are routinely maintained under seal indefinitely, even when the related investigation is no longer active, and are generally not reflected on publicly available court dockets.

*The Stored Communications Act*

11. The Stored Communications Act, codified at 18 U.S.C. §§ 2701, *et seq*. (the "SCA") governs voluntary and compelled disclosure of stored wire and electronic communications and transactional records held by third-party electronic communication service or remote computing service providers.

12.     18 U.S.C. § 2703 of the SCA provides government entities with mechanisms to compel electronic communication service or remote computing service providers to disclose the contents of communications, as well as records and other information pertaining to subscribers. The mechanisms available to the government under 18 U.S.C. § 2703, and the legal standards that must be satisfied, vary based upon the type of communication or communications record the government seeks to compel. Those mechanisms include court orders, *see* 18 U.S.C. § 2703(d), and warrants, *see* 18 U.S.C. § 2703(a), (b), and (c)(1)(A).

13.     A Section 2703(d) order may be issued by any court of competent jurisdiction on a showing lower than that required to obtain a warrant under Federal Rule of Criminal Procedure 41. 18 U.S.C. § 2703(d). Specifically, a Section 2703(d) may issue "if the governmental entity" seeking such an order "offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." *Id*.

14.     Nothing in the SCA mandates sealing of applications or orders issued under its provisions.

15.     While the SCA does not require notice to a subscriber or customer whose non-content communications records are being sought, *see* 18 U.S.C. § 2703(c), a government entity seeking the contents of wire or electronic communications under 18 U.S.C. § 2703(b) must provide "prior notice from the governmental entity to the subscriber or customer" if the governmental entity obtains a Section 2703(d) order. 18 U.S.C. § 2703(b)(1)(B). However, the government entity may include in its application a request for an order delaying the notification requirement for a period not to exceed ninety days. 18 U.S.C. § 2705(a)(1). The court "shall grant" such request if it determines that there is reason to believe that notification of the

existence of the court order may have an adverse result as described in 18 U.S.C. § 2705(a)(2). *Id.*

16. In addition, when a government entity "is not required to notify the subscriber or customer" under 18 U.S.C. § 2703(b)(1), or to the extent it may delay notice under 18 U.S.C. § 2705(a), it may also apply for a court order "commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not notify any other person of the existence of the warrant, subpoena, or court order." 18 U.S.C. § 2705(b). The court "shall enter such an order if it determines that there is reason to believe that notification" will "result in": "(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id*.

17. The Reporters Committee is unaware of the number of applications for warrants and other orders under the SCA made to the U.S. District Court for the District of Columbia by the executive branch and of the number of court orders granting or denying such applications. Such applications and orders are routinely maintained under seal indefinitely, even when the related investigation is no longer active, and are generally not reflected on publicly available court dockets.

**THE FIRST AMENDMENT AND COMMON LAW RIGHTS OF THE PRESS AND THE PUBLIC TO ACCESS COURT RECORDS**

18. As explained more fully in the accompanying Memorandum of Points and Authorities, the press and the public have a right of access to court documents, including court dockets, under the First Amendment to the U.S. Constitution and common law. To the extent that sealing or otherwise shielding from the public applications and orders for the use of

electronic surveillance tools by the executive branch, and any portion of the docket or docket entries related thereto, is necessary for some period of time to protect a compelling interest, such sealing must be no broader than necessary to serve that interest and supported by specific, on the record findings.

**REQUEST FOR RELIEF**

19.  Applicant seeks an Order directing the Clerk of the Court to unseal all applications and supporting documents, including affidavits, seeking any of the following, as well as any court orders granting or denying any of the following, in connection with any investigation that is no longer active:

(i) authorization for the use of any PR/TT device pursuant to 18 U.S.C. §§ 3121–3127;

(ii) a warrant requiring an electronic communication service provider to disclose the contents of a wire or electronic communication under 18 U.S.C. § 2703(a) or (b) of the SCA;

(iii) a warrant requiring an electronic communication service or remote computing service provider to disclose a record or other information pertaining to a subscriber, as contemplated by 18 U.S.C. § 2703(c)(1)(A) of the SCA; or

(iv) an order pursuant to 18 U.S.C. § 2703(d) of the SCA.

20.  Applicant seeks an Order directing the Clerk of the Court to make the dockets and docket entries reflecting such applications and orders public.

21.  Applicant seeks an Order directing that any future applications and orders of this kind be reflected on public dockets and either filed publicly or unsealed after an appropriate period of time consistent with statutory, constitutional, and common law requirements.

22. Applicant seek any further relief that the Court deems just and proper.

Dated:  August 17, 2016

>Respectfully submitted,
>
>_s/ Katie Townsend_____
>Katie Townsend
>D.C. Bar No. 1026115
>Bruce D. Brown
>D.C. Bar No. 457317
>THE REPORTERS COMMITTEE FOR
>FREEDOM OF THE PRESS
>1156 15th St. NW, Suite 1250
>Washington, DC 20005
>Phone: 202.795.9300
>Facsimile: 202.795.9310
>ktownsend@rcfp.org
>bbrown@rcfp.org