UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| APPLICATION OF JASON LEOPOLD ) | |
| TO UNSEAL CERTAIN ) | Case No. 1:13-mc-00712-BAH |
| ELECTRONIC SURVEILLANCE ) | |
| APPLICATIONS AND ORDERS ) | |

### JOINT STATUS REPORT TO THE COURT

1.  The parties have conferred by telephone on several occasions. Petitioner's position remains the same as what he set forth in in his petition, namely, that he seeks to unseal and make public "all applications, supporting affidavits, and court orders regarding pen registers, trap and trace devices, tracking devices, cell site location, store email, telephone logs, and customer account records for electronic service providers, except for those which relate to an ongoing investigation." Petitioner's Petition to Unseal Records, at 1. While the government "do[es] not disagree with petitioner's basic premise that applications and orders relating to electronic surveillance methods need not necessarily be permanently sealed," the government maintains that petitioner's request is "overbroad." Government's Response to Application to Seal Records, at 2.[1]

2.  For purposes of this stage of the litigation, counsel for petitioner has agreed to limit his request for unsealing certain records to applications filed by the United States Attorney's Office for the District of Columbia ("this Office") pursuant to the Pen Register/Trap and Trace Statute, 18.U.S.C. §§ 3121-3127, during calendar year 2012. The government has suggested that it produce to petitioner a representative sampling of redacted applications for the year 2012 (for

---

[1]  The government continues to assert that it takes no position at this stage of the litigation as to whether the First Amendment and common-law right of access require the unsealing of the matters sought by petitioner. Government's Response, at 2 n.2.

example, applications filed on a particular day of each month in 2012). In the government's view, such a representative sampling would give petitioner the information that he seeks, namely, a window into how the applications have changed over time. At the same time, this approach will not present an undue burden for the Court, the Clerk's Office or the government. Petitioner, ultimately, seeks the unsealing of all pen register applications and has declined to agree to a representative sampling.

3. In order to determine the scope of this next stage of the litigation, this Office contacted the Clerk's Office and learned that approximately 136 applications for pen registers/trap and trace were filed with the Court during calendar year 2012.[2] It is unknown how many of those applications were filed by this Office because certain divisions in the U.S. Department of Justice also filed applications in this Court during that year. To compile a list of pen register applications filed by this Office ("USAO-DC Pen Register Misc. No. List"), the Clerk's Office has informed undersigned counsel that Court staff will be required to manually review the ECF file for each Miscellaneous Case Number in order to determine the identity of the filing agency. The government will need the assistance of the Court in requesting the Clerk's assistance with this task.

4. After the Clerk's Office has compiled the USAO-DC Pen Register Misc. No. List, the government will file a motion, in this matter, to partially unseal the identified cases for the limited purpose of obtaining a list of the docket numbers.

5. After the USAO-DC Pen Register Misc. No. List has been provided to the government under the partially-lifted seal, the government will then internally match the Miscellaneous Case Numbers with the relevant law enforcement investigation(s), determine which law enforcement

---

[2]   This number includes renewed applications, but does not include amended applications or applications requesting extensions.

agent/agency and Assistant United States Attorney was assigned to that investigation, and ascertain whether a particular pen register application concerns a pending, closed, or related and pending investigation. It is expected that this process could take some time, inasmuch as the identification of the broader investigation that is implicated by a particular pen register application may not always be evident from the document itself, and in some instances those agents and Assistants with knowledge of the relevant investigation may have since been transferred or may no longer be employed with the government. In addition, the determination of whether an investigation is pending, closed or related and pending may require consultation and coordination with various internal databases and other jurisdictions.

6. If the government determines that a particular pen register application arises from a closed investigation that is not relevant to a related and pending investigation, the government will file a motion, in that particular matter, to partially unseal the case in order to obtain certified copies of the application, the order and any other pleadings in the file. Once the government has obtained those documents, it will then be necessary to determine whether there is nonetheless cause to continue the sealed status of the matter, or if not, what redactions are necessary before documents may be fully unsealed. The government anticipates redacting certain types of information including, but not limited to, the names of targets, subjects and innocent parties, their phone numbers, addresses, email and IP addresses and other personal identifying information, and the factual basis for the investigation. Absent unusual circumstances, the government does not anticipate redacting the provision of the United States Code for which it is alleged there is a violation.

7. At this time, it is impossible to determine how long this process could take with respect to all pen register pleadings for 2012. The parties have therefore agreed, with leave of Court, that

this Office will provide petitioner with three redacted pen register applications and orders from 2012. The exercise of locating, redacting and producing these documents should provide insight to the parties and to the Court regarding the work entailed.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        United States Attorney
        D.C. Bar Number 415-793

        MARGARET J. CHRISS
        Chief, Special Proceedings Division
        D.C. Bar Number 452-403

        _____/s/_____
        PAMELA S. SATTERFIELD
        Assistant United States Attorney
        Special Proceedings Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        D.C. Bar No. 421-247
        Pamela.satterfield@usdoj.gov
        202-252-7578


        _____/s/_____
        JEFFREY L. LIGHT
        1712 Eye Street, N.W.
        Suite 915
        Washington, D.C. 20006
        Jeffrey@lawofficeofjeffreylight.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 23rd day of August, 2016, I caused a copy of the foregoing Joint Status Report to be served via ECF to all counsel of record.

        ___/s/_____
        Pamela S. Satterfield
        Assistant United States Attorney