UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE                )
APPLICATION OF JASON LEOPOLD   )
TO UNSEAL CERTAIN                    )   Case No. 1:13-mc-00712-BAH
ELECTRONIC SURVEILLANCE        )
APPLICATIONS AND ORDERS        )

**FOURTH JOINT STATUS REPORT TO THE COURT**

1. The parties appeared for a status hearing in this matter before the Court on December 19, 2016. Among the matters discussed at that hearing was a process for addressing petitioners' request that the Court unseal the remaining 231 pen register/trap and trace matters filed in 2012 by the USAO, as well as such matters filed by the USAO in other years. In particular, the Court and the parties discussed the possibility of "extracting" certain information from the pen register/trap and trace filings for 2012 and other years (through 2016) in order to make certain agreed-upon categories of information from those filings available to petitioners and the public. This method would not require the Court to unseal or partially unseal these pen register/trap and trace matters. In addition, the Court and the parties discussed how the Court could docket sealed matters, such as pen register/trap and trace matters, going forward. At the conclusion of the hearing, the Court ordered the parties to submit a status report to address the parties' further discussions regarding the issues raised at the December 19, 2016 status hearing, including petitioners' claims for prospective relief relating to the docketing and unsealing of future matters.

2. The parties participated in conference calls on January 5 and 13, 2017.

3. As an initial matter, petitioners have agreed to limit their request for the unsealing of pen register/trap and trace matters to those matters filed by the USAO that are electronically stored and retrievable. Petitioners understand that such matters span from 2008 to the present.

4. Petitioners have proposed that the USAO and the Court proceed with the unsealing and partial unsealing of two narrow categories of pen register/trap and trace matters. Specifically, petitioners propose that for any matter in which an application for authorization to use a pen register or trap trace device was *denied* by the district court that the filings made in connection with that application be unsealed. In addition, petitioners propose that any substantive opinions or orders of the district court concerning an application for authorization to use a pen register or trap and trace device be unsealed. Petitioners believe that very little material will fall into either category; for example, in 2012, only one application for authorization to use a pen register or trap and trace device was denied. Petitioners are willing to agree to an "extraction" process, as discussed below, for all remaining, previously-filed pen register/trap and trace matters from 2008 through 2016.

5. The parties have discussed which categories of information to "extract" from previously-filed pen register/trap and trace matters from the years, 2008 to 2016. The government has suggested extracting the following categories: 1) the date that the original application was filed and the date that any request for renewal was filed; 2) the date the orders were issued; 3) the criminal statute involved; 4) the device type; 5) the name of the carrier, and 6) the law enforcement agency. Petitioners seek additional categories of information including, *inter alia*, the magistrate judge assigned to the

matter, the date the matter was docketed, the number of pages associated with the filings, and whether or not the request for authorization for use of a pen register or trap and trace device was combined with a request for other relief. The USAO has requested additional clarification concerning some of the categories of information identified by petitioners, as well as a narrowing of the number of categories of information. The parties will continue to discuss and attempt to reach an agreement on what categories of information can be extracted. The parties will provide that information to the Court as soon as possible.

6. While the government has agreed that it can provide certain categories of information with respect to pen register/trap and trace matters filed from 2008 through 2016 by the USAO, the government maintains that a 10% sampling for those years is sufficient and not unduly burdensome to the Court and the government. While it is known that there are 231 remaining pen register/trap and trace matters for 2012, it is unknown how many such matters were filed by the USAO from 2008 through 2011 and 2013 through 2016. The government notes that "extracting" and then providing the agreed-upon categories information for these years to petitioners will require the government to access to the Court's electronic records in these currently sealed matters.

7. With the exception of the two narrow categories of pen register/trap and trace materials specified in Paragraph 5, above, petitioners are willing to agree to an "extraction" process for pen register/trap and trace matters filed from 2008 through 2016 as a substitute for unsealing and partial unsealing of those matters. The government previously proposed unsealing or partial unsealing of 10% of the pen register/trap and trace matters from 2012. The government now proposes that it only be required to

engage in an "extraction" process for 10% of pen register/trap and trace matters. Petitioners disagree with the government's proposed 10% sampling approach. It is petitioners' position that the "extraction" process they are willing to agree to is an appropriate compromise that will address the USAO's and the Court's resource concerns while, at the same time, giving petitioners and the public needed information concerning previously filed pen register/trap and trace matters currently under seal that were filed from 2008 through 2016.

8. Finally, the parties continue to discuss the docketing of sealed matters filed by the USAO, including pen register/trap and trace matters, going forward. At the December 19, 2016, status hearing, the government agreed, in principle, to a docketing system similar to the "EC" docket in United States District Court for the Eastern District of Virginia. This docket consists of a running list of all sealed matters, as they are filed, with appropriate information withheld. The docket is publicly available in paper form in the Clerk's Office, but is not available electronically. Implementation of a similar docketing system in this jurisdiction will require coordination among the Court, the Clerk's Office and the USAO, and the USAO is willing to engage in those discussions to help facilitate implementation of this type of system. The government also notes that any change to the manner in which sealed matters are docketed would be greatly aided if the government were permitted to file sealed matters electronically. Currently, all sealed matters are hand-carried and paper-filed.

**WHEREFORE**, the parties submit this Fourth Joint Status Report to the Court.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415-793

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar Number 452-403

_____/s/_____
PAMELA S. SATTERFIELD
Assistant United States Attorney
D.C. Bar Number 421-247
U.S. Attorney's Office for the District of Columbia
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C. 20530
Pamela.satterfield@usdoj.gov
202-252-7578

_____/s/_____
JEFFREY LIGHT
D.C. Bar Number 485-360
1712 Eye Street, N.W., Suite 915
Washington, D.C.  20006
Jeffrey.light@yahoo.com
202-277-6213

_____/s/_____
KATIE TOWNSEND
D.C. Bar Number 1026-115
Reporters Committee for the Freedom of the Press
1156 15th Street, N.W.,Suite 1250
Washington, D.C.  20005
ktownsend@rcfp.org
202-795-9303

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 17th day of January 2017, I caused a copy of the foregoing Fourth Joint Status Report to the Court to be served via ECF on counsel of record.

                                                  /s/
                                          Pamela S. Satterfield