# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE       )
APPLICATION OF JASON LEOPOLD )
TO UNSEAL CERTAIN        )     **Case No. 1:13-mc-00712-BAH**
ELECTRONIC SURVEILLANCE   )
APPLICATIONS AND ORDERS    )

## FIFTH JOINT STATUS REPORT TO THE COURT

1.  The parties appeared for a status hearing in this matter before the Court on December 19, 2016. Among the matters discussed at that hearing was a process for addressing petitioners' request that the Court unseal the remaining 231 pen register/trap and trace matters filed in 2012 by the USAO, as well as such matters filed by the USAO in other years. In particular, the Court and the parties discussed the possibility of "extracting" certain information from the pen register/trap and trace filings for 2012 and other years (through 2016) in order to make certain agreed-upon categories of information from those filings available to petitioners and the public. In addition, the Court and the parties discussed how the Court could docket sealed matters, such as pen register/trap and trace matters, going forward. At the conclusion of the hearing, the Court ordered the parties to submit a status report to address the parties' further discussions regarding the issues raised at the December 19, 2016 status hearing, including petitioners' claims for prospective relief relating to the docketing and unsealing of future matters.

2.  The parties participated in conference calls on January 5 and 13, 2017, and filed the Fourth Joint Status Report on January 17, 2017. The parties participated in an additional conference call on February 7, 2017. A status hearing is scheduled for

February 17, 2017, and the Court has ordered the parties to submit a status report on or before February 10, 2017.

3. As stated in the Fourth Joint Status Report, petitioners have agreed to limit their request for the unsealing of pen register/trap and trace matters to those matters filed by the USAO that are electronically stored and retrievable; such matters span from 2008 to 2016. During the last conference call, the government agreed to provide petitioners with categories of information "extracted" from the filings in those matters, in lieu of seeking to unseal or partially unseal these matters. The categories the parties discussed are shown on the attached chart, which was prepared using the four sample matters from 2012 that were previously unsealed and provided to petitioners in redacted form.

4. First, the government has agreed to proceed with the unsealing and partial unsealing of two narrow categories of pen register/trap and trace matters: 1) any matter in which an application for authorization to use a pen register or trap trace device was *denied*; and, 2) any substantive opinions or orders of the district court concerning any pen register/trap and trace application.

5. Second, with respect to pen register/trap and trace matters from 2008 to 2016 that do not fall within the two aforementioned narrow categories, the government has agreed to provide the categories of information set forth on the attached chart, in a form to be agreed to by the parties, except:

   a. The government does not agree to provide the names of the AUSAs who filed the applications; and

   b. The government reserves the right to redact the statutory violation at issue in the event that information is particularly sensitive.

6.  Petitioners do not agree that the government may withhold the names of AUSAs who signed applications or other filed documents in pen register/trap and trace matters. Petitioners also do not agree that the government may redact the statutory violation(s) at issue for any matter within the scope of their Applications and reserve the right to challenge the redaction of any information in the chart provided by the government.

7.  Third, while the government has agreed that it can provide the agreed-upon categories of information with respect to pen register/trap and trace matters filed from 2008 through 2016 by the USAO, the government maintains that a 10% sampling for those years is sufficient and not unduly burdensome to the Court and the government.

8.  As set forth in the Fourth Joint Status Report, petitioners do not agree with the government's proposed 10% sampling approach.  It is petitioners' position that the "extraction" process they are willing to agree to is an appropriate compromise that will address the USAO's and the Court's resource concerns while, at the same time, giving petitioners and the public needed information concerning the pen register/trap and trace matters currently under seal that were filed from 2008 through 2016.

9.  Finally, the parties agree and request that the Court proceed with the preparation and provision of a list of docket information, as it did for 2012, for the remaining pen register/trap and trace matters from 2008 through 2011 and 2013 through 2016.

**WHEREFORE**, the parties submit this Fifth Joint Status Report to the Court.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415-793

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar Number 452-403

_____/s/_____
PAMELA S. SATTERFIELD
Assistant United States Attorney
D.C. Bar Number 421-247
U.S. Attorney's Office for the District of
Columbia
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C. 20530
Pamela.satterfield@usdoj.gov
202-252-7578

_____/s/_____
JEFFREY LIGHT
D.C. Bar Number 485-360
1712 Eye Street, N.W., Suite 915
Washington, D.C.  20006
Jeffrey.light@yahoo.com
202-277-6213

_____/s/_____
KATIE TOWNSEND
D.C. Bar Number 1026-115
Reporters Committee for the Freedom of the
Press
1156 15th Street, N.W.,Suite 1250
Washington, D.C.  20005
ktownsend@rcfp.org
202-795-9303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 10th day of February 2017, I caused a copy of the foregoing Fifth Joint Status Report to the Court to be served via ECF on counsel of record.

/s/ _____
Pamela S. Satterfield

| Case Number | Docket Number | Date Executed | Date Docketed | Type | Order accompanied by opinion | Number of Pages | Signed by | Device type | Statutory Violation(s) | Agency | Service Provider | Number of target email addresses/phone numbers/addresses/etc. | Other statutory authority, and if so, what (e.g., Section 2703(d)) | Other requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1:12-mc-00012 (DAR) | 1 | 1/10/12 | 1/11/12 | Original application | N/A | 5 | AUSA Nihar R. Mohanty | Cellular phone | 21 USC § 846 | U.S. Marshals | Cricket | 0 | No | No |
| 1:12-mc-00012 (DAR) | 2 | 1/11/12 | 1/11/12 | Order granting original | No | 5 | Mag. Judge Robinson | Cellular phone | 21 USC § 846 | U.S. Marshals | Cricket | 0 | No | No |
| | | | | | | | | | | | | | | |
| 1:12-mc-00129 (AK) | 1 | 2/27/12 | 2/28/12 | Original application | N/A | 5 | AUSA Loyaan Egal | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 2 | 2/29/12 | 2/29/12 | Order granting original | No | 5 | Mag. Judge Kay | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 3 | 4/27/12 | 4/27/12 | Extension application | N/A | 5 | AUSA Lionel Andre | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 4 | 4/27/12 | 4/27/12 | Order granting extension | No | 5 | Mag. Judge Robinson | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 5 | 6/19/12 | 6/19/12 | Extension application | N/A | 5 | AUSA Lionel Andre | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 6 | 6/19/12 | 6/20/12 | Order granting extension | No | 3 | Mag. Judge Facciola | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 7 | 8/9/12 | 8/10/12 | Extension application | N/A | 5 | AUSA Lionel Andre | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 8 | 8/10/12 | 8/10/12 | Order granting extension | No | 3 | Mag. Judge Kay | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 9 | 10/3/12 | 10/3/12 | Extension application | N/A | 5 | AUSA Lionel Andre | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| 1:12-mc-00129 (AK) | 10 | 10/3/12 | 10/4/12 | Order granting extension | No | 3 | Mag. Judge Robinson | Cellular phone | 18 USC § 371, 18 USC § 201(b), 31 USC § 5324 | FBI | Verizon Wireless | 1 | No | No |
| | | | | | | | | | | | | | | |
| 1:12-mc-00227 (DAR) | 2 | 4/19/12 | 4/19/12 | Order granting original | No | 3 | Mag. Judge Robinson | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 3 | 6/9/12 | 6/9/12 | Extension application | N/A | 5 | AUSA Kenneth F. Whitted | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 4 | 6/11/12 | 6/11/12 | Order granting extension | No | 3 | Mag. Judge Facciola | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 5 | undated | 6/18/12 | Amended extension application | N/A | 5 | AUSA Kenneth F. Whitted | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 6 | 6/19/12 | 6/20/12 | Amended order granting extension | No | 3 | Mag. Judge Facciola | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 7 | 8/8/12 | 8/8/12 | Extension application | N/A | 5 | AUSA Kenneth F. Whitted | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 8 | 8/8/12 | 8/9/12 | Order granting extension | No | 3 | Mag. Judge Kay | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 9 | 10/1/12 | 10/1/12 | Extension application | N/A | 5 | AUSA Kenneth F. Whitted | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 10 | 10/12/12 | 10/12/12 | Order granting extension | No | 3 | Mag. Judge Robinson | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 11 | 11/28/12 | 11/28/12 | Extension application | N/A | 5 | AUSA Kenneth F. Whitted | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 12 | 11/28/12 | 11/28/12 | Order granting extension | No | 3 | Mag. Judge Kay | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 13 | 1/15/13 | 1/15/13 | Extension application | N/A | 5 | AUSA Kenneth F. Whitted | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| 1:12-mc-00227 (DAR) | 14 | 1/15/13 | 1/16/13 | Order granting extension | No | 3 | Mag. Judge Kay | Cellular phone | 21 USC § 841(a)(1) | FBI | Sprint | 1 | No | No |
| | | | | | | | | | | | | | | |
| 1:12-mc-00397 (DAR) | 1 | 7/26/12 | 7/27/12 | Original application | N/A | 5 | AUSA T. Patrick Martin | Cellular phone | 18 USC § 1546, 18 USC § 371 | ICE | AT&T | 1 | No | No |
| 1:12-mc-00397 (DAR) | 2 | 7/30/12 | 7/30/12 | Order granting original | No | 3 | Mag. Judge Facciola | Cellular phone | 18 USC § 1546, 18 USC § 371 | ICE | AT&T | 1 | No | No |
| 1:12-mc-00397 (DAR) | 3 | 9/25/12 | 9/25/12 | Extension application | N/A | 5 | AUSA Frederick W. Yette | Cellular phone | 18 USC § 1546, 18 USC § 371 | ICE | AT&T | 1 | No | No |
| 1:12-mc-00397 (DAR) | 4 | 9/25/12 | 9/26/12 | Order granting extension | No | 3 | Mag. Judge Facciola | Cellular phone | 18 USC § 1546, 18 USC § 371 | ICE | AT&T | 1 | No | No |