UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE                    )
APPLICATION OF JASON LEOPOLD            )
TO UNSEAL CERTAIN                       )       Case No. 1:13-mc-00712-BAH
ELECTRONIC SURVEILLANCE                 )
APPLICATIONS AND ORDERS                 )

### SIXTH JOINT STATUS REPORT TO THE COURT

1. Petitioners and the United States Attorney's Office for the District of Columbia ("USAO" or the "government") appeared before the Court for a status hearing in this matter on December 19, 2016. Among the matters raised at that hearing was the possibility of the parties agreeing to an alternative process to address petitioners' request that the Court unseal the remaining 231 pen register/trap and trace matters filed in 2012 by the USAO, as well as those same matters filed by the USAO in other years. In particular, the Court and the parties discussed the possibility of "extracting" certain information from the pen register/trap and trace filings for 2012 and prior years (through 2016) in order to provide certain agreed-upon categories of information to petitioners. This method would not require the USAO to move to unseal or partially unseal these pen register/trap and trace matters.

2. The parties last appeared for a status hearing in this matter before the Court on February 17, 2017. At the hearing, the Court noted that the parties agreed in principle to such an "extraction process" and that the agreed-upon categories of information to be extracted were set forth in a chart attached to the parties' Fifth Joint Status Report. As set forth in the Fifth Joint Status Report, however, while petitioners were willing to agree to the proposed extraction process, they would do so only if the USAO agreed to provide the

agreed-upon categories of information for each sealed pen register/trap and trace matter filed by the USAO during the narrowed time period—2008 through 2016—agreed to by petitioners.[1] The USAO does not agree with some of the categories of information proposed by petitioners and reflected in the chart attached to the parties' Fifth Joint Status Report.

3. After discussing the extraction process with the parties, the Court ordered the government to use the extraction process to provide information to petitioners with respect to 10% of the pen register/trap and trace matters filed by the USAO in 2012, as reflected in the Court's February 22, 2017 Order. The Court ruled that the government was not required to provide the names of the AUSAs who filed the applications or requests for extension. The Court agreed that the government could withhold the statutory violation from the extraction chart in the event the government took the position that such information was particularly sensitive, however, petitioners may challenge any such redaction or omission of information from the chart.

4. At the status hearing, the Court also stated its intention to unseal and release lists of Miscellaneous Case Numbers for pen register/trap and trace matters filed by the USAO in 2011, 2013, 2014, 2015 and 2016, which the parties had jointly requested in their Fifth Joint Status Report. The Court noted that lists for 2008, 2009 and 2010 required manual preparation by the Clerk's Office and would be released by the Court at a later date.

---

[1] As stated in prior Joint Status Reports, petitioners agreed to limit their request for the unsealing of pen register/trap and trace matters to those matters filed by the USAO that are electronically stored and retrievable; such matters span from 2008 to 2016.

5.  The Court also noted at the February 17, 2017, status hearing that the government agreed to release, with appropriate redactions, two categories of pen register/trap and trace matters for 2012 (and other years). The first category involves cases in which the application was denied and the second category involves cases in which a substantive opinion was issued.

6.  Following the February 17, 2017 hearing, by Order and Notice to the Parties filed February 22, 2017, the Court released lists of Miscellaneous Case Numbers for pen register/trap and trace matters filed by the USAO in this district in 2011, 2013, 2014, 2015 and 2016. The lists were attached to the Order as Attachments A, B, C, D and E.

7.  Also on February 22, 2017, the Court ordered that the USAO, by April 17, 2017, complete the extraction process for 10% of the pen register/trap and trace matters filed by the USAO in 2012. The Court further ordered the parties, by April 17, 2017, to submit a joint status report addressing: (1) the USAO's estimated timeframe for completing the extraction process described in the parties' Fifth Joint Status Report for 10% of the pen register/trap and trace matters listed in Attachments A, B, C, D, and E to the Court's Order and Notice, dated February 22, 2017 (listing original pen register/trap and trace matters filed by the USAO in 2011 and 2013 through 2016); (2) the burdensomeness of this extraction process; and (3) the progress of the parties' discussions regarding any prospective relief. The Court further ordered the parties to submit a Joint Status Report on or before April 17, 2017.

8.  In order to complete the extraction process, the Court allowed the government to electronically access 10%—or 24—pen register/trap and trace matters filed in 2012.

3

9.  Following entry of the Court's February 22, 2017 Order, the parties met and conferred via email and participated in a telephonic meet and confer on April 11, 2017.

*The USAO's Position*

10. The government completed the extraction process for the 10% of the pen register/trap and trace matters filed by the USAO in 2012 and provided the attached chart to petitioners on April 12, 2017.  *See* Exhibit A.  The extraction process took approximately 8.5 hours.[2]

The government is prepared to complete the extraction process for 10% of the cases appearing on the lists attached as Attachments A, B, C, D, and E to the Court's February 22, 2017 Order, and will provide a list of the docket numbers to the Clerk's Office so that the USAO can gain electronic access to those cases:  28 cases (2011), 31 cases (2013), 21 cases (2014), 22 cases (2015), and 19 cases (2016).  The government expects to complete this extraction process by June 30, 2017.

11. The government notes that it has discovered two cases from 2012 in which the Court has issued either an order denying an application or denying a request for extension. By Order issued February 22, 2017, the Court ordered the government to file motions to partially unseal these matters "for purposes of USAO review."  On February 21, 2017, the government filed a motion to partially unseal the documents in Misc. No. 12-94, because that case is not one of the 24 cases listed on the extraction chart and the

---

[2]    Using 8 hours as the approximate number of hours required to complete the extraction process for 10% of the cases from 2012, it is estimated that it would take 80 hours to complete the extraction process for 100% of the pen register/trap and trace cases from 2012. And, it would take an additional 640 hours to complete the extraction process for 100% of those types of cases for the remaining years at issue, 2008 through 2011 and 2013 through 2016. Additional hours and resources will be required with respect to the other categories of filings discussed in petitioners' initial pleadings. At this point, it is not possible to quantify these hours.

government does not have electronic access to the pleadings and orders in that case. As for Misc. No. 12-585, the USAO has reviewed the pleadings and orders filed in this case because it is one of the 24 cases listed on the extraction chart. On April 12, 2017, the government filed a motion to partially unseal the documents in Misc. No. 12-585, with appropriate redactions. The government further notes that in the course of completing the extraction list for 2012, the government discovered that without electronically accessing each case on the 2012 list, it is unable to determine whether there are additional cases in which the Court issued an order denying an application or a request for extension.

12. It is the government's position that the extraction process for 10% of the pen register/trap and trace matters for 2008 through 2016 will provide the petitioners with the information that they seek, in lieu of a process that involves the wholesale unsealing of all judicial records relating to these matters that will require the USAO to file motions to partially unseal all pen register/trap and trace matters filed in the years 2008 through 2016, submit proposed redactions to the documents filed and docketed in those matters for the Court's review, and then file motions to unseal the matters in order to place them on the public docket.

### *Petitioners' Position*

13. Petitioners have met and conferred with the USAO in a good faith attempt to reach agreement on an alternative to the unsealing and/or partial unsealing of all pen register/trap and trace matters filed by the USAO from 2008 through 2016 that would be responsive to the resource concerns articulated by the USAO and by the Court, as well as to the interest of petitioners and the public in access to such records.

14. Specifically, in addition to agreeing to limit the relief requested in their respective petitions to original pen register/trap and trace matters filed in this district by the USAO only, between 2008 through 2016, petitioners have also stated their willingness to agree to an extraction process whereby—with the exception of two narrow categories of matters that would be partially unsealed by the USAO—only certain categories of information pertaining to sealed pen register/trap and trace filings made by the USAO during that narrowed time period would be provided in the form of a chart prepared by the USAO.  Petitioners have since made additional proposals concerning certain categories of information—specifically, categories 14 and 15—designed to further reduce the resources the USAO would need to expend to prepare such a chart.

15. Notwithstanding these efforts, the parties have reached an impasse in their attempts to reach an agreement concerning an acceptable extraction process.  The USAO maintains that it will only agree to extract information for filings from a statistically insignificant sampling of 10% of sealed pen register/trap and trace matters filed by the USAO from 2008 through 2016.  Petitioners maintain that they will only agree to an extraction process if it provides them and the public with information concerning all such matters connected to closed investigations that are currently under seal.

16. Petitioners continue to believe their proposal to be a reasonable and mutually satisfactory compromise that would substantially reduce and largely eliminate any burden on the USAO, which, except for a small handful of cases, would not be required to move to unseal or partially unseal pen register/trap and trace matters it filed from 2008 through 2016, and would not be required to determine which such matters were

associated with open or closed investigations.  This is particularly true now that the USAO has been given electronic access, through ECF, to view the relevant filings.

17. Moreover, it is now clear from Attachments A, B, C, D, and E to the Court's February 22 Order that, on average, 240 pen register/trap and trace matters were filed in this district in each year from 2011 through 2016 by the USAO.  In order to provide the Court with their own estimate of the time needed by the USAO to provide extracted information for 100% of these still-sealed matters, petitioners filled out the extraction chart with information from the four previously-released matters from 2012.  The process of reviewing those four matters, identifying the relevant information for each of the categories identified in the chart (excluding the names of the AUSAs), and inputting that information into the chart took 47 minutes. *See* Declaration of Selina MacLaren, attached hereto as Exhibit B. Petitioners estimate that at this rate of review (a little more than five matters per hour), it would take one person under 48 hours to complete the extraction process for 100% of the pen register/trap and trace matters filed in the average year during that time period, and would take one person 288 hours to complete the extraction process for 100% of the still-sealed pen register/trap and trace matters filed by the USAO from 2011 through 2016.  Particularly given the public's need for aggregate information about these matters, as well as for information about specific pen register/trap and trace matters that may be outliers or reflect a less common practice,[3] petitioners strenuously disagree with the USAO's position that it would be unreasonably burdensome for it to undertake this process.

---

[3]   For example, as counsel for petitioners and the USAO discussed in their telephonic meet and confer on April 11, 2017, it is unclear that any hybrid applications—applications in which a request for authorization to use a pen register and/or trap and trace device is coupled with another type of request, such as for cell site location data—would be captured by a random 10% sampling. Petitioners have been able to identify

18. In addition, as the parties discussed in their April 11, 2017 telephonic meet and confer, and as noted by the USAO in Paragraph 9, above, despite the USAO's agreement to unseal or partially unseal the underlying documents filed in pen register/trap and trace matters 2008 through 2016 in which the original application or application for an extension filed by the USAO was denied, the USAO is "unable to determine" whether there are additional such cases without electronically accessing and reviewing filings for each such matter.

19. Because the parties are unable to reach agreement on an extraction process, petitioners respectfully request that the Court set a briefing schedule for the parties to address the issue of whether the common law and/or U.S. Constitution provide the public and, thus, petitioners, a right of access to the records from pen register/trap and trace matters that their respective Petitions seek to unseal. Petitioners propose the following briefing schedule:

    a. Petitioners' brief due Friday, May 19
    b. Government's brief due Friday, June 16
    c. Petitioners' reply brief due Friday, June 30
    d. Hearing on the earliest date thereafter that is commensurate with the Court's schedule.

20. The parties agree that the Court can begin the process of compiling lists of sealed miscellaneous matters involving the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* for the years 2008 through 2016. In particular, the parties suggest that the Court prepare lists of matters in which the USAO has filed applications for orders pursuant

---

one such application that was filed in 2016 from the lists provided by the Court because of the way that matter was captioned, but given that there is no standardized caption used by the USAO, petitioners have no way of knowing if there are others. *See* Dkt. 32-5 at 29 (filed Feb. 22, 2017) (listing 1:16-mc-01050-AK, Application of the United States of American for an Order Authorizing the Installation and Use of Pen Registers and Trap and Trace Devices and Acquisition of Cell-Site Information).

to 18 U.S.C. § 2703(d) so that the parties can learn how many such matters were filed in each year.

### *Parties' Positions on Prospective Relief*

21. By Order filed February 22, 2017, the Court ordered the parties to report on the "progress of the parties' discussions regarding any prospective relief."

22. At the December 19, 2016, and February 17, 2017, status hearings, the government agreed, in principle, to a docketing system similar to the "EC" docket in United States District Court for the Eastern District of Virginia. This docket consists of a running list of all sealed matters, as they are filed, with appropriate information withheld. The docket is publicly available in paper form in the Clerk's Office, but is not available electronically. As discussed at the February 17, 2017 status hearing, the Clerk's Office is working towards allowing the USAO to file and docket sealed miscellaneous matters electronically. In addition, the USAO is working on uniform captions for sealed miscellaneous matters that will provide certain information that can be released on a public docket, without jeopardizing ongoing investigations.

23. Petitioners propose that this docket be available to the public electronically, and not merely available in paper form in the Clerk's Office. It is petitioners' position that standardized case captions in pen register/trap and trace matters, as well as including additional, appropriate relevant information on that publicly available docket—such as the magistrate judge to which the matter has been assigned, the date of the filing, etc.— will increase transparency.

24. Petitioners further propose the implementation of procedures designed to ensure that pen register/trap and trace filings are timely unsealed following the close of an

investigation.  Such procedures could include automated "ticklers"—electronically generated notices sent via ECF to the AUSA that initiated the matter—reminding her or him that the pen register/trap and trace matter has been open and under seal for a particular period of time (*e.g.*, 60 days) and should be unsealed if the related investigation has been closed.  Alternatively, a system could be set up whereby such matters are automatically unsealed after a specified period of time unless the USAO applies to extend that sealing period.

**WHEREFORE**, the parties submit this Sixth Joint Status Report to the Court.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415-793

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar Number 452-403

_____/s/_____
PAMELA S. SATTERFIELD
Assistant United States Attorney
D.C. Bar Number 421-247
U.S. Attorney's Office for the District of Columbia
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C. 20530
Pamela.satterfield@usdoj.gov
202-252-7578

_____/s/_____
JEFFREY LIGHT
D.C. Bar Number 485-360
1712 Eye Street, N.W., Suite 915
Washington, D.C.  20006
Jeffrey.light@yahoo.com
202-277-6213

_____/s/_____

KATIE TOWNSEND
D.C. Bar Number 1026-115
Reporters Committee for the Freedom of the
Press
1156 15th Street, N.W.,Suite 1250
Washington, D.C.  20005
ktownsend@rcfp.org
202-795-9303

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 14th day of April 2017, I caused a copy of the
foregoing Sixth Joint Status Report to the Court to be served via ECF on counsel of record.

___/s/_____

Pamela S. Satterfield

| (1)<br>Case No. | (2)<br>Docket No. | (3)<br>Date Executed | (4)<br>Date Docketed | (5)<br>Type | (6)<br>Order accompanied by Opinion | (7)<br>No. of Pg (s) | (8)<br>Signed by | (9)<br>Device Type | (10)<br>Statutory Violation | (11)<br>Agency | (12)<br>Service Provider | (13)<br>No. of target email addresses/ phone Nos./ addresses/ etc. | (14)<br>Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | * (15)<br>Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00007 (DAR) | 1 | 1/6/2012 | 1/6/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00007 (DAR) | 2 | 1/6/2012 | 1/6/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00007 (DAR) | 3 | 2/28/2012 | 2/28/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00007 (DAR) | 4 | 2/28/2012 | 2/29/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00007 (DAR) | 5 | 4/18/2012 | 4/19/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00007 (DAR) | 6 | 4/19/2012 | 4/19/2012 | Order Granting Extension | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| | | | | | | | | | | | | | | |
| 12-mc-00051 (DAR) | 1 | 1/23/2012 | 1/24/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 2 | 1/25/2012 | 1/25/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 3 | 3/16/2012 | 3/19/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 4 | 3/21/2012 | 3/22/2012 | Order Granting Extension | No | 3 | John M. Facciola | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 5 | 5/14/2012 | 5/14/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 6 | 5/14/2012 | 5/15/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 7 | 7/5/2012 | 7/6/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00051 (DAR) | 8 | 7/6/2012 | 7/6/2012 | Order Granting Extension | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 846 | FBI | Sprint | 1 | No | No |
| | | | | | | | | | | | | | | |
| 12-mc-00076 (AK) | 1 | 2/6/2012 | 2/7/2012 | Original Application | No | 5 | | Cellular Phone | 21 USC § 846 | MPD & ATF | AT&T | 1 | No | No |

1

Exhibit A

| (1) Case No. | (2) Docket No. | (3) Date Executed | (4) Date Docketed | (5) Type | (6) Order accompanied by Opinion | (7) No. of Pg (s) | (8) Signed by | (9) Device Type | (10) Statutory Violation | (11) Agency | (12) Service Provider | (13) No. of target email addresses/ phone Nos./ addresses/ etc. | (14) Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | (15) Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00076 (AK) | 2 | 2/7/2012 | 2/7/2012 | Order Granting Original | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 846 | MPD & ATF | AT&T | 1 | No | No |
| 12-mc-00091 (AK) | 1 | 2/13/2012 | 2/13/2012 | Original Application | N/A | 4 | | Cellular Phone | 18 USC § 1512 & 2 USC § 441(f) | FBI | AT&T | 1 | No | No |
| 12-mc-00091 (AK) | 2 | 2/13/2012 | 2/13/2012 | Order Granting Original | No | 3 | Mag. Judge Kay | Cellular Phone | 18 USC § 1512 & 2 USC § 441(f) | FBI | AT&T | 1 | No | No |
| 12-mc-00152 (JMF) | 1 | 3/7/2012 | 3/7/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | AT&T | 1 | No | No |
| 12-mc-00152 (JMF) | 1 | 3/9/2012 | 3/9/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | AT&T | 1 | No | No |
| 12-mc-00164 (JMF) | 1 | 3/13/2012 | 3/13/2012 | Original Application | N/A | 4 | | Phone | 18 USC § 2252 | FBI | Ameritech (Indiana) Verizon (WDC) | 1 | No | No |
| 12-mc-00164 (JMF) | 2 | 3/13/2012 | 3/14/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Phone | 18 USC § 2252 | FBI | Ameritech (Indiana) | 1 | No | No |
| 12-mc-00164 (JMF) | 3 | 5/11/2012 | 5/11/2012 | Extension Application | N/A | 5 | | Phone | 18 USC § 2252 | FBI | Ameritech (Indiana) Verizon (WDC) | 1 | No | No |
| 12-mc-00164 (JMF) | 4 | 5/11/2012 | 5/11/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Phone | 18 USC § 2252 | FBI | Ameritech (Indiana) | 1 | No | No |
| 12-mc-00164 (JMF) | 5 | 6/28/2012 | 6/28/2012 | Extension Application | N/A | 5 | | Phone | 18 USC § 2252 | FBI | Ameritech (Indiana) Verizon (WDC) | 1 | No | No |
| 12-mc-00164 (JMF) | 6 | 6/28/2012 | 6/29/2012 | Order Granting Extension | No | 3 | Mag. Judge Facciola | Phone | 18 USC § 2252 | FBI | Ameritech (Indiana) | 1 | No | No |

| (1) Case No. | (2) Docket No. | (3) Date Executed | (4) Date Docketed | (5) Type | (6) Order accompanied by Opinion | (7) No. of Pg (s) | (8) Signed by | (9) Device Type | (10) Statutory Violation | (11) Agency | (12) Service Provider | (13) No. of target email addresses/ phone Nos./ addresses/ etc. | (14) Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | (15) Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00209 (DAR) | 1 | 4/10/2012 | 4/10/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841 & 846 | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 2 | 4/10/2012 | 4/10/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 841 & 846 | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 3 | 6/1/2012 | 6/1/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a) & (b) | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 4 | 6/4/2012 | 6/5/2012 | Order Granting Extension | No | 3 | Mag. Judge Facciola | Cellular Phone | 18 USC § 2252 | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 5 | 7/24/2012 | 7/24/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a) & (b) | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 6 | 7/27/2012 | 7/27/2012 | Order Granting Extension | No | 3 | Mag. Judge Robinson | Cellular Phone | 18 USC § 2252 | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 7 | 9/19/2012 | 9/19/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a) & (b) | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 8 | 9/19/2012 | 9/19/2012 | Order Granting Extension | No | 3 | Mag. Judge Facciola | Cellular Phone | 18 USC § 2252 | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 9 | 11/2012 | 11/13/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a) & (b) | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |
| 12-mc-00209 (DAR) | 10 | 11/13/2012 | 11/14/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Cellular Phone | 18 USC § 2252 | MPD & FBI | Boost Mobile Sprint/ Nextel | 1 | No | No |

| (1) Case No. | (2) Docket No. | (3) Date Executed | (4) Date Docketed | (5) Type | (6) Order accompanied by Opinion | (7) No. of Pg (s) | (8) Signed by | (9) Device Type | (10) Statutory Violation | (11) Agency | (12) Service Provider | (13) No. of target email addresses/ phone Nos./ addresses/ etc. | (14) Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | * (15) Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00231 (DAR) | 1 | 4/2012 | 4/20/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841 & 846 | ATF & MPD | Sprint | 1 | No | No |
| 12-mc-00231 (DAR) | 2 | 4/23/2012 | 4/23/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 841 & 846 | ATF & MPD | Sprint | 1 | No | No |
| 12-mc-00231 (DAR) | 3 | 6/18/2012 | 6/18/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841 & 846 | ATF & MPD | Sprint | 1 | No | No |
| 12-mc-00231 (DAR) | 4 | 6/19/2012 | 6/20/2012 | Order Granting Extension | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 841 & 846 | ATF & MPD | Sprint | 1 | No | No |
| 12-mc-00231 (DAR) | 5 | 8/8/2012 | 8/8/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841 & 841(a)(1) & 846 | ATF & MPD | Sprint | 1 | No | No |
| 12-mc-00231 (DAR) | 6 | 8/8/2012 | 8/9/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 841(a)(1) & 846 | ATF & MPD | Sprint | 1 | No | No |
| 12-mc-00237 (DAR) | 1 | 4/23/2012 | 4/23/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Verizon | 1 | No | No |
| 12-mc-00237 (DAR) | 2 | 4/23/2012 | 4/23/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 846 | FBI | Verizon | 1 | No | No |
| 12-mc-00256 (AK) | 1 | 5/2/2012 | 5/3/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Sprint Nextel | 1 | No | No |
| 12-mc-00256 (AK) | 2 | 5/3/2012 | 5/4/2012 | Order Granting Original | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 846 | FBI | Sprint Nextel | 1 | No | No |
| 12-mc-00316 (JMF) | 1 | 6/2012 | 6/8/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Verizon Wireless | 1 | No | No |
| 12-mc-00316 (JMF) | 2 | 6/11/2012 | 6/11/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Verizon Wireless | 1 | No | No |
| 12-mc-00335 (JMF) | 1 | 6/21/2012 | 6/21/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a) | FBI | Sprint | 1 | No | No |

| (1) Case No. | (2) Docket No. | (3) Date Executed | (4) Date Docketed | (5) Type | (6) Order accompanied by Opinion | (7) No. of Pg (s) | (8) Signed by | (9) Device Type | (10) Statutory Violation | (11) Agency | (12) Service Provider | (13) No. of target email addresses/ phone Nos./ addresses/ etc. | (14) Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | * (15) Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00335 (JMF) | 2 | 6/25/2012 | 6/26/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 841(a) | FBI | Sprint | 1 | No | No |
| 12-mc-00335 (JMF) | 3 | 6/28/2012 | 6/28/2012 | Amended Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a) | FBI | Sprint | 1 | No | No |
| 12-mc-00335 (JMF) | 4 | 6/28/2012 | 6/28/2012 | Amended Order Granting | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 841(a) | FBI | Sprint | 1 | No | No |
| 12-mc-00359 (DAR) | 1 | 6/28/2012 | 6/28/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Cricket Wireless | 1 | No | No |
| 12-mc-00359 (DAR) | 2 | 7/5/2012 | 7/5/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Cricket Wireless | 1 | No | No |
| 12-mc-00359 (DAR) | 3 | 8/24/2012 | 8/24/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Cricket Wireless | 1 | No | No |
| 12-mc-00359 (DAR) | 4 | 8/24/2012 | 8/27/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Cricket Wireless | 1 | No | No |
| 12-mc-00359 (DAR) | 5 | 10/16/2012 | 10/16/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Cricket Wireless | 1 | No | No |
| 12-mc-00359 (DAR) | 6 | 10/16/2012 | 10/16/2012 | Order Granting Extension | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | Cricket Wireless | 1 | No | No |
| 12-mc-00386 (DAR) | 1 | 7/20/2012 | 7/20/2012 | Original Application | N/A | 5 | | Cellular Phone | 18 USC § 1951 & 924(c ) | FBI | Sprint | 1 | No | No |
| 12-mc-00386 (DAR) | 2 | 7/23/2012 | 7/23/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 18 USC § 1951 & 924(c ) | FBI | Sprint | 1 | No | No |
| 12-mc-00419 (AK) | 1 | 8/10/2012 | 8/10/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 843  & 18 USC § 922 | FBI | Sprint | 1 | No | No |
| 12-mc-00419 (AK) | 2 | 8/10/2012 | 8/10/2012 | Order Granting Original | No | 3 | Mag. Judge | Cellular Phone | 21 USC § 843  & | FBI | Sprint | 1 | No | No |

| (1) Case No. | (2) Docket No. | (3) Date Executed | (4) Date Docketed | (5) Type | (6) Order accompanied by Opinion | (7) No. of Pg (s) | (8) Signed by | (9) Device Type | (10) Statutory Violation | (11) Agency | (12) Service Provider | (13) No. of target email addresses/ phone Nos./ addresses/ etc. | (14) Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | * (15) Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Kay | | 18 USC § 922 | | | | | |
| 12-mc-00419 (AK) | 3 Pacer #4 | 10/4/2012 | 10/5/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 843 & 18 USC § 922 | FBI | Sprint | 1 | No | No |
| 12-mc-00419 (AK) | 4 Pacer #3 | 10/5/2012 | 10/5/2012 | Order Granting Extension | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 843 & 18 USC § 922 | FBI | Sprint | 1 | No | No |
| 12-mc-00419 (AK) | 5 | 11/28/2012 | 11/28/2012 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC § 843 & 18 USC § 922 | FBI | Sprint | 1 | No | No |
| 12-mc-00419 (AK) | 6 | 11/28/2012 | 11/28/2012 | Order Granting Extension | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 843 & 18 USC § 922 | FBI | Sprint | 1 | No | No |
| | | | | | | | | | | | | | | |
| 12-mc-00435 (AK) | 1 | 8/21/2012 | 8/21/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | AT&T | 1 | No | No |
| 12-mc-00435 (AK) | 2 | 8/21/2012 | 8/22/2012 | Order Granting Original | No | 3 | Mag. Judge Kay | Cellular Phone | 21 USC § 846 | FBI | AT&T | 1 | No | No |
| | | | | | | | | | | | | | | |
| 12-mc-00469 (JMF) | 1 | 9/7/2012 | 9/10/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | T-Mobile | 1 | No | No |
| 12-mc-00469 (JMF) | 2 | 9/10/2012 | 9/11/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 846 | FBI | N/A | 1 | No | No |
| | | | | | | | | | | | | | | |
| 12-mc-00491 (JMF) | 1 | 9/18/2012 | 9/18/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | T-Mobile | 1 | No | No |
| 12-mc-00491 (JMF) | 2 | 9/18/2012 | 9/18/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC § 841(a)(1) & 846 | FBI | T-Mobile | 1 | No | No |
| | | | | | | | | | | | | | | |
| 12-mc-00520 (DAR) | 1 | 10/3/2012 | 10/3/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 841 | FBI | Verizon Wireless | 1 | No | No |

| (1)<br>Case No. | (2)<br>Docket No. | (3)<br>Date Executed | (4)<br>Date Docketed | (5)<br>Type | (6)<br>Order accompanied by Opinion | (7)<br>No. of Pg (s) | (8)<br>Signed by | (9)<br>Device Type | (10)<br>Statutory Violation | (11)<br>Agency | (12)<br>Service Provider | (13)<br>No. of target email addresses/ phone Nos./ addresses/ etc. | (14)<br>Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | + (15)<br>Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00520 (DAR) | 2 | 10/3/2012 | 10/4/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 841 | FBI | Verizon Wireless | 1 | No | No |
| 12-mc-00541 (DAR) | 1 | 10/16/2012 | 10/16/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC § 846 | FBI | Metro PCS | 1 | No | No |
| 12-mc-00541 (DAR) | 2 | 10/16/2012 | 10/16/2012 | Order Granting Original | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC § 846 | FBI | Metro PCS | 1 | No | No |
| 12-mc-00585 (AK) | 1 | 11/7/2012 | 11/7/2012 | Original Application | N/A | 7 | | Email Internet, World Wide Web, Networks | 18 USC §§§ 846, 201, & 1019 | DSS Dept. Of State | Google (gmail) | 5 | No | No |
| 12-mc-00585 (AK) | 2 | 11/7/2012 | 11/7/2012 | Order Granting Original | No | 3 | Mag. Judge Kay | Email Internet, World Wide Web, Networks | 18 USC §§§ 846, 201, & 1019 | DSS Dept. Of State | Google (gmail) | 5 | No | No |
| 12-mc-00585 (AK) | 3 | 1/3/2013 | 1/4/2013 | Denied Extension Application & Order | No | 15 | Mag. Judge Robinson | Email Internet, World Wide Web, Networks | 18 USC §§§ 846, 201, & 1019 | DSS Dept. Of State | Google (gmail) | 5 | No | No |
| 12-mc-00621 (AK) | 1 | 11/20/2012 | 11/21/2012 | Original Application | N/A | 7 | | Email Internet, World Wide Web, Networks | (IEEPA) 50 USC §§ 1702 & 1705, Exec. Orders: 12957, 12959, & 13059, (ITR) 31 CFR §§ 560.203-560.204, & 18 USC § 2 | HSI of Dept. of Homeland Security | GoDaddy. - com | 1 | No | No |

| (1) Case No. | (2) Docket No. | (3) Date Executed | (4) Date Docketed | (5) Type | (6) Order accompanied by Opinion | (7) No. of Pg (s) | (8) Signed by | (9) Device Type | (10) Statutory Violation | (11) Agency | (12) Service Provider | (13) No. of target email addresses/ phone Nos./ addresses/ etc. | (14) Other Statutory Authority, and if so, what (e.g., Section 2703(d)) | * (15) Other Requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-mc-00621 (AK) | 2 | 11/21/2012 | 11/21/2012 | Order Granting Original | No | 3 | Mag. Judge Kay | Email Internet, World Wide Web, Networks | (IEEPA) 50 USC §§ 1702 & 1705, Exec. Orders: 12957, 12959, & 13059, (ITR) 31 CFR §§ 560.203-560.204, & 18 USC § 2 | HSI of Dept. of Homeland Security | GoDaddy. -com | 1 | No | No |
| 12-mc-00638 (JMF) | 1 | 12/4/2012 | 12/5/2012 | Original Application | N/A | 7 | | Email Internet, World Wide Web, Networks | 18 USC §§§ 1546, 201, & 1019 | DSS Dept. Of State | Google (gmail) | 1 | No | No |
| 12-mc-00638 (JMF) | 2 | 12/6/2012 | 12/7/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Email Internet, World Wide Web, Networks | 18 USC §§§ 1546, 201, & 1019 | DSS Dept. Of State | Google (gmail) | 1 | No | No |
| 12-mc-00662 (JMF) | 1 | 12/17/2012 | 12/17/2012 | Original Application | N/A | 5 | | Cellular Phone | 21 USC §§ 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00662 (JMF) | 2 | 12/18/2012 | 12/19/2012 | Order Granting Original | No | 3 | Mag. Judge Facciola | Cellular Phone | 21 USC §§ 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00662 (JMF) | 3 | 2/8/2013 | 2/11/2013 | Extension Application | N/A | 5 | | Cellular Phone | 21 USC §§ 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |
| 12-mc-00662 (JMF) | 4 | 2/11/2012 | 2/11/2012 | Order Granting Extension | No | 3 | Mag. Judge Robinson | Cellular Phone | 21 USC §§ 841(a)(1) & 846 | FBI | Sprint | 1 | No | No |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF
JASON LEOPOLD TO UNSEAL
CERTAIN ELECTRONIC
SURVEILLANCE APPLICATIONS
AND ORDERS

Misc. Action No. 13-mc-00712 (BAH)

## DECLARATION OF SELINA MACLAREN

I, Selina MacLaren, declare as follows:

1.    I am the Stanton National Security Legal Fellow at the Reporters Committee for

Freedom of the Press ("Reporters Committee"), an unincorporated nonprofit association located

in Washington, D.C., a position I have held since July of 2016.  In August 2016, the Reporters

Committee moved to intervene in this matter and moved to unseal certain court records, to make

dockets and docket entries concerning such records public, and for other appropriate relief.  I am

a member in good standing of the bar for the District of Columbia.  I have personal knowledge of

the matters stated in this declaration.

2.    Attached hereto is a true and correct copy of a chart I created in Microsoft Excel

displaying categories of information "extracted" from the filings in the four sample matters from

2012 that were previously unsealed and provided to petitioners in redacted form.  *See* Dkt. Nos.

26-1, 26-2, 26-3, and 26-4.

3.    The government has agreed to provide petitioners with categories of information

"extracted" from the filings in the requested pen register/trap and trace matters filed by the

USAO that are electronically stored and retrievable, and span from 2008 to 2016.  In the Fifth

1

Exhibit B

Joint Status Report, parties submitted to the Court a completed sample chart with proposed categories.

4.      On March 10, 2017, I reviewed the four sample matters and filled out a blank version of the chart submitted to the Court with the information from those four sample matters. This was the second time I filled out the blank chart with information extracted from these matters.  I did not include the Assistant U.S. Attorneys' names, in accordance with this Court's instruction.  The review consisted of 115 pages in four separate PDF documents.  The entire process of reviewing and inputting the four sample matters in the chart took 47 minutes. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2017.


_/s/ Selina MacLaren_____
Selina MacLaren

| Case Number | Docket Number | Date Docketed | Type | Order accompanied by opinion | Number of Pages | Device type | Statutory Violation(s) | Agency | Service Provider | Signed by | Date Executed | Number of target email addresses/phone numbers/addresses/etc. | Other statutory authority, and if so, what (e.g., Section 2703(d)) | Other requests, and if so, for what (e.g., cell site data) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1:12-mc-00012-DAR | 1 | 1/11/12 | original application | N/A | 5 | cell phone | 21 USC 846 | US Marsh | Cricket | AUSA | 1/10/12 | 1 | No | No |
| 1:12-mc-00012-DAR | 2 | 1/11/12 | order | no | 3 | cell phone | 22 USC 846 | US Marsh | Cricket | Mag. Judge | 1/11/12 | 1 | No | No |
| 1:12-mc-00129-AK | 1 | 2/28/12 | original application | N/A | 5 | cell phone | 18 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | AUSA | 2/27/12 | 1 | No | No |
| 1:12-mc-00129-AK | 2 | 2/29/12 | order | no | 3 | cell phone | 19 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | Mag. Judge | 2/28/12 | 1 | No | No |
| 1:12-mc-00129-AK | 3 | 4/27/12 | extension application | N/A | 5 | cell phone | 20 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | AUSA | 4/27/12 | 1 | No | No |
| 1:12-mc-00129-AK | 4 | 4/27/12 | extension order | no | 3 | cell phone | 21 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | Mag. Judge | 4/27/12 | 1 | No | No |
| 1:12-mc-00129-AK | 5 | 6/19/12 | extension application | N/A | 5 | cell phone | 22 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | AUSA | 6/19/12 | 1 | No | No |
| 1:12-mc-00129-AK | 6 | 6/20/12 | extension order | no | 3 | cell phone | 23 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | Mag. Judge | 6/19/12 | 1 | No | No |
| 1:12-mc-00129-AK | 7 | 8/10/12 | extension application | N/A | 5 | cell phone | 24 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | AUSA | 8/9/12 | 1 | No | No |
| 1:12-mc-00129-AK | 8 | 8/10/12 | extension order | no | 3 | cell phone | 25 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | Mag. Judge | 8/10/12 | 1 | No | No |
| 1:12-mc-00129-AK | 9 | 10/3/12 | extension application | N/A | 5 | cell phone | 26 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | AUSA | 10/3/12 | 1 | No | No |
| 1:12-mc-00129-AK | 10 | 10/4/12 | extension order | no | 3 | cell phone | 25 USC 371 and 201(b); 31 USC 5324 | FBI | Verizon | Mag. Judge | 10/3/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 2 | 4/19/12 | order | no | 3 | cell phone | 21 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 4/19/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 3 | 6/8/12 | extension application | N/A | 5 | cell phone | 22 USC 841(a)(1) | FBI | Sprint | AUSA | 6/8/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 4 | 6/11/12 | extension order | no | 3 | cell phone | 23 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 6/11/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 5 | 6/18/12 | amended extension app | N/A | 5 | cell phone | 24 USC 841(a)(1) | FBI | Sprint | AUSA | unknown | 1 | No | No |
| 1:12-mc-00227-DAR | 6 | 6/20/12 | amended extension ord | no | 3 | cell phone | 25 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 6/19/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 7 | 8/8/12 | extension application | N/A | 5 | cell phone | 26 USC 841(a)(1) | FBI | Sprint | AUSA | 8/8/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 8 | 8/9/12 | extension order | no | 3 | cell phone | 27 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 8/8/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 9 | 10/1/12 | extension application | N/A | 5 | cell phone | 28 USC 841(a)(1) | FBI | Sprint | AUSA | 10/1/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 10 | 10/2/12 | extension order | no | 3 | cell phone | 29 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 10/2/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 11 | 11/28/12 | extension application | N/A | 5 | cell phone | 30 USC 841(a)(1) | FBI | Sprint | AUSA | 11/28/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 12 | 11/28/12 | extension order | no | 3 | cell phone | 31 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 11/28/12 | 1 | No | No |
| 1:12-mc-00227-DAR | 13 | 1/15/13 | extension application | N/A | 5 | cell phone | 32 USC 841(a)(1) | FBI | Sprint | AUSA | 1/15/13 | 1 | No | No |
| 1:12-mc-00227-DAR | 14 | 1/16/13 | extension order | no | 3 | cell phone | 33 USC 841(a)(1) | FBI | Sprint | Mag. Judge | 1/15/13 | 1 | No | No |
| 1:12-mc-00397-DAR | 1 | 7/27/12 | original application | N/A | 5 | cell phone | 18 USC 1546, 371 | ICE | AT&T | AUSA | 7/26/12 | 1 | No | No |
| 1:12-mc-00397-DAR | 2 | 7/30/12 | order | no | 3 | cell phone | 19 USC 1546, 371 | ICE | AT&T | Mag. Judge | 7/30/12 | 1 | No | No |
| 1:12-mc-00397-DAR | 3 | 9/25/12 | extension application | N/A | 5 | cell phone | 20 USC 1546, 371 | ICE | AT&T | AUSA | 9/25/12 | 1 | No | No |
| 1:12-mc-00397-DAR | 4 | 9/26/12 | extension order | no | 3 | cell phone | 21 USC 1546, 371 | ICE | AT&T | Mag. Judge | 9/25/12 | 1 | No | No |