# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF JASON LEOPOLD TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS AND ORDERS | Misc. Action No. 13-mc-00712 (BAH) <br><br> **[PROPOSED] ORDER RE: PETITIONERS' APPLICATIONS TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS, ORDERS, AND RELATED COURT RECORDS, AND FOR OTHER RELIEF** |

This matter coming before the Court upon the applications of journalist Jason Leopold ("Leopold") and the Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP") (collectively, "Petitioners") to unseal certain electronic surveillance applications, orders, and related court records, and for other appropriate relief (the "Applications").

By their Applications, Petitioners seek the unsealing of certain sealed judicial records and/or information related thereto, and certain prospective relief, concerning three categories of materials: (1) applications, orders, and other court records related to government requests for judicial authorization for the installation or use of a pen register and/or trap and trace ("PR/TT") device pursuant to the Pen Register Act ("PRA"), *see* 18 U.S.C. §§ 3121–3127 ("PR/TT Materials"); (2) applications, orders, and other court records related to government requests for search warrants under the Stored Communications Act ("SCA"), *see* 18 U.S.C. §§ 2701–2712 ("SCA Search Warrant Materials"); and (3) applications, orders, and other court records related to government requests for court orders issued pursuant to 18 U.S.C. § 2703(d) of the SCA (the "Section 2703(d) Materials").

Upon consideration of the Applications, the memoranda and supplemental memoranda of points and authorities and supporting documents filed by Petitioners and by the U.S. Attorney's Office for the District of Columbia ("USAO"), and the entirety of the record before the Court in this matter, it is hereby **ORDERED** as follows:

*PR/TT Materials*

1.  This Court previously ordered the unsealing of case numbers and certain associated docket information for all PR/TT matters filed by the USAO from 2008 through 2016. *See* Order and Notice to the Parties, ECF No. 22; Order and Notice to the Parties, ECF No. 32; Order and Notice to the Parties, ECF No. 37 (collectively, the "PR/TT Unsealing Orders").  The Office of the Clerk of the U.S. District Court for the District of Columbia (the "Clerk's Office") is hereby directed to unseal case numbers and the same categories of associated docket information for all PR/TT matters filed by the USAO in 2017, up to the effective date of this Order.

2.  For any PR/TT matter filed after the effective date of this Order, its case number as well as the following associated docket information shall be electronically available to the public through the Court's Public Access to Court Electronic Records ("PACER") system: (i) the case caption or title, (ii) the filing entity (*e.g.*, the USAO), (iii) date filed, (iv) date entered, (v) category, (vi) event, (vii) title or name of the case initiating document, and (viii) the magistrate judge to whom the matter is assigned (if not reflected in the case number).  Absent a court order directing otherwise for a particular PR/TT matter, this basic docket information will be made publicly available by the Clerk's Office through PACER as of the date the PR/TT matter is entered on the docket.

3.  The Clerk's Office is directed to take necessary steps to ensure that for each PR/TT matter filed in in this District after the effective date of this Order, the Court's Case Management/Electronic Case Filing ("CM/ECF") system records the specific government entity (*e.g.*, the USAO) that filed it, and that the CM/ECF system does so in a manner that allows the Clerk's Office to electronically search PR/TT matters by filer.

4.  To ensure that information properly maintained under seal during the pendency of a criminal investigation is not made available to the public upon the initial filing of a PR/TT matter, the USAO and any other government entity that files an application seeking judicial authorization for the installation or use of a PR/TT device after the effective date of this Order shall not include such information in case captions or document titles.  The USAO and other government entities that file PR/TT Materials in this District are encouraged to adopt uniform, standardized case captions and document titles for use in PR/TT matters that do not include, for example, target names, telephone numbers, or e-mail addresses.

5.  For any PR/TT matter filed after the effective date of this Order, the USAO or other government entity that sought judicial authorization for the installation or use of a PR/TT device shall be responsible for promptly moving to unseal or partially unseal that matter at the close of the related criminal investigation(s).  Any PR/TT matter that is still under seal six months (180 days) after the date it was initially filed shall be subject to an order to show cause why it should not be unsealed in its entirety.  The USAO and other government entities that file PR/TT Materials in this District are directed to develop and adopt internal policies and practices to carry out such unsealing of future PR/TT matters.

6.  Unsealed PR/TT matters shall appear on the Court's existing public-facing website that provides case numbers, case titles, and other information concerning recently unsealed matters and documents available on PACER.  *See* http://www.dcd.uscourts.gov/unsealed-cases-and-unsealed-documents-available-on-pacer.

7.  To facilitate unsealing of future PR/TT matters, the Clerk's Office is directed to permit government attorneys to electronically file and access PR/TT Materials, including case initiating applications, via the CM/ECF system.

8.  With respect to previously filed PR/TT matters currently under seal in this District, the USAO is ordered, within three (3) months (90 days) of the effective date of this Order, to (i) unseal or partially unseal all sealed PR/TT Materials related to closed criminal investigations that were filed by the USAO in this District in all PR/TT matters from 2008 to the present in which the USAO's application was denied and/or in which a substantive opinion was issued, and (ii) file with the Court charts setting forth the extracted information previously agreed upon by Petitioners and the USAO for all sealed PR/TT matters related to closed criminal investigations that were filed by the USAO in this District from 2008 to the present.  The previously agreed-upon categories of information to be included are reflected in the charts previously filed by the USAO providing extracted information for 10% of the PR/TT matters it filed in this District from 2011, 2013, 2014, 2015, and 2016.  *See* USAO Notice of Filing, ECF No. 42.

*Section 2703(d) Materials*

1.  The Clerk's Office is directed to unseal case numbers and the associated docket information reflected in this Court's prior PR/TT Unsealing Orders, ECF Nos. 22, 32, 37, for all Section 2703(d) matters filed in this District from 2008 to the effective date of this

Order.  The Clerk's Office shall use the three "event" categories associated with Section 2703(d) matters in the CM/ECF system to identify those matters.  *See* Notice to the Parties, ECF No. 43 (listing the number of miscellaneous matters connected to three "event" categories in CM/ECF associated with Section 2703(d) matters).

2.  For all Section 2703(d) matters filed after the effective date of this Order, case numbers as well as the following associated docket information shall be electronically available to the public through the Court's PACER system: (i) the case caption or title, (ii) the filing entity (*e.g.*, the USAO), (iii) date filed, (iv) date entered, (v) category, (vi) event, (vii) title or name of the case initiating document, and (viii) the magistrate judge to whom the matter is assigned (if not reflected in the case number).  Absent a court order directing otherwise for a particular Section 2703(d) matter, this basic docket information will be made publicly available by the Clerk's Office through PACER as of the date the Section 2703(d) matter is entered on the docket.

3.  The Clerk's Office is directed to take necessary steps to ensure that for each Section 2703(d) matter filed in this District after the effective date of this Order, the CM/ECF system records the specific government entity (*e.g.*, the USAO) that filed it, and that the CM/ECF system does so in a manner that allows the Clerk's Office to electronically search Section 2703(d) matters by filer.

4.  To ensure that information properly maintained under seal during the pendency of a criminal investigation is not made available to the public upon the initial filing of a Section 2703(d) matter, the USAO and any other government entity that files an application seeking a Section 2703(d) order after the effective date of this Order shall not include such information in case or document titles.  The USAO and other government

entities that file Section 2703(d) Materials in this District are encouraged to adopt

uniform, standardized case captions and document titles for use in Section 2703(d)

matters that do not include, for example, target names and email addresses.

5. For any Section 2703(d) matter filed after the effective date of this Order, the USAO or

other government entity that sought the Section 2703(d) order shall be responsible for

promptly moving to unseal or partially unseal that matter at the close of the related

criminal investigation(s).  Any Section 2703(d) matter that is still under seal six months

(180 days) after the date it was initially filed shall be subject to an order to show cause

why it should not be unsealed in its entirety.  The USAO and other government entities

that file Section 2703(d) Materials in this District are directed to develop and adopt

internal policies and practices to carry out such unsealing of future Section 2703(d)

matters.

6. Unsealed Section 2703(d) matters shall appear on the Court's existing public-facing

website that provides case numbers, case titles, and other information concerning

recently unsealed matters and documents available on PACER.  *See*

http://www.dcd.uscourts.gov/unsealed-cases-and-unsealed-documents-available-on-

pacer.

7. To facilitate unsealing of future Section 2703(d) matters, the Clerk's Office is directed to

permit government attorneys to electronically file and access Section 2703(d) Materials,

including case initiating applications, via the Court's CM/ECF system.

8. Some Section 2703(d) Materials filed with the Court may contain grand jury information

subject to Rule 6 of the Federal Rules of Criminal Procedure.  *See* Order and Notice to

the Parties, ECF No. 40.  The USAO and any other government entity that files an

application seeking a Section 2703(d) order after the effective date of this Order is

directed to avoid including such information in Section 2703(d) Materials to the extent

possible.  For any Section 2703(d) matter connected to a grand jury investigation and for

which filed Section 2703(d) Materials must contain information subject to Rule 6 of the

Federal Rules of Criminal Procedure, the USAO or other government entity seeking the

Section 2703(d) order is responsible for designating that matter "Section 2703(d) – Grand

Jury" upon filing.  The Clerk's Office is directed to create a separate "event" category or

"tag" within the CM/ECF system for "Section 2703(d) – Grand Jury" matters for use by

the USAO and other government entities.

### SCA Search Warrant Materials

1. For all SCA Search Warrant matters filed after the effective date of this Order, case

   numbers as well as the following associated docket information shall be electronically

   available to the public through the Court's PACER system: (i) the case caption or title,

   (ii) the filing entity (*e.g.*, the USAO), (iii) date filed, (iv) date entered, (v) category, (vi)

   event, (vii) title or name of the case initiating document, and (viii) the magistrate judge to

   whom the matter is assigned (if not reflected in the case number).  Absent a court order

   directing otherwise for a particular SCA Search Warrant matter, this basic docket

   information will be made publicly available by the Clerk's Office through PACER as of

   the date the SCA Search Warrant matter is entered on the docket.

2. The Clerk's Office is directed to take necessary steps to ensure that for each SCA Search

   Warrant matter filed in this District after the entry of this Order, the CM/ECF system

   records the specific government entity (*e.g.*, the USAO) that filed it, and that the

CM/ECF system does so in a manner that allows the Clerk's Office to electronically search SCA Search Warrant matters by filer.

3. To ensure that information properly maintained under seal during the pendency of a criminal investigation is not made available to the public upon the initial filing of an SCA Search Warrant matter, the USAO or other government entity that files the application seeking a search warrant pursuant to the SCA after the effective date of this Order shall not include such information in case or document titles.  The USAO and other government entities that file SCA Search Warrant Materials in this District are encouraged to adopt uniform, standardized case captions and document titles for use in SCA Search Warrant matters that do not include, for example, target names and email addresses.

4. For any SCA Search Warrant matter filed after the effective date of this Order, the USAO or other government entity that files the application for a search warrant under the SCA shall be responsible for promptly moving to unseal or partially unseal that matter at the close of the related criminal investigation(s).  Any SCA Search Warrant matter that is still under seal six months (180 days) after the date it was initially filed shall be subject to an order to show cause why it should not be unsealed in its entirety.  The USAO and other government entities that file SCA Search Warrant Materials in this District are directed to develop and adopt internal policies and practices to carry out such unsealing of future SCA Search Warrant matters.

5. Unsealed SCA Search Warrant matters shall appear on the Court's existing public-facing website that provides case numbers, case titles, and other information concerning recently unsealed matters and documents available on PACER.  *See*

http://www.dcd.uscourts.gov/unsealed-cases-and-unsealed-documents-available-on-pacer.

6.  To facilitate both the unsealing of future SCA Search Warrant matters and public access to case numbers and associated docket information for future SCA Search Warrant matters, the Clerk's Office is directed to create a separate "SCA Search Warrant" "event" category or "tag" within the CM/ECF system that clearly differentiates SCA Search Warrant matters from other search warrant matters.

7.  To further facilitate the unsealing of future SCA Search Warrant matters, the Clerk's Office is also directed to permit government attorneys to electronically file and access SCA Search Warrant Materials, including case initiating applications, via the Court's CM/ECF system.

8.  For any SCA Search Warrant matter filed in this District after the effective date of this Order, the USAO or other government entity that files the application seeking a search warrant under the SCA shall be responsible for designating it an "SCA Search Warrant" matter upon filing.

**SO ORDERED** this _____ day of _____, 2016.


_____
Hon. Beryl A. Howell
Chief Judge of the United States District Court
for the District of Columbia