UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF JASON LEOPOLD TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS AND ORDERS** | 1:13-mc-00712-BAH |

**STATUS REPORT OF APRIL 12, 2021**

The United States, by and through its attorney, the United States Attorney for the District of Columbia (hereinafter, "Government") respectfully submits this Status Report as directed by the Court in its Order of February 9, 2021 (Document 71). This is in response to the Court's September 1, 2020 Minute Order following remand of the case from the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), *In re: In the Matter of the Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders, Jason Leopold, and Reporters' Committee for the Freedom of the Press v. United States*, 964 F.3d 1121 (D.C. Cir. 2020).

This Status Report follows discussions between counsel for petitioners Jason Leopold and the Reporters Committee for Freedom of the Press (hereinafter, "Petitioners") and the Government on April 8, 2021 by telephone conference.

During that conference, the Government reported to Petitioners that the Clerk of the Court has provided the below prosecutor, AUSA John P. Dominguez, access to the past sealed electronic surveillance pleadings so that those relevant pleadings could be accessed, reviewed, and so that applications and proposed orders could be redacted of protected personal identification information in accordance with the Court's February 9, 2021 order.

1

The Government also informed Petitioners of its plan to implement the Court's February 9, 2021 order. The plan would involve two parts. The first part would require the U.S. Attorney's Office in the future to prepare and file an application and order for relevant electronic surveillance pleadings which is redacted of personally identifiable information in accordance with the Court's February 9, 2021 order. When the application and order is filed under seal, the Government will file contemporaneously an unsealed but redacted version which would be available for public access. Where applicable, the remainder of the electronic surveillance pleadings would be accompanied by an appropriate sealing order for consideration by the court. The second part of implementation of the plan would require the Government to commence a review of past relevant electronic surveillance pleadings going backward in time until 2008. During that review, if the matter is sealed, the Government would redact the application and order (redacted as to personal identifiable information as directed by the Court in its February 9, 2021 order), and file the redacted versions unsealed and in the public domain. The unredacted versions, if sealed, would remain sealed until further order of the court.

Petitioners informed the Government in the April 8, 2021 conference that they do not object to this proposed implementation plan.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415-793

By: _____
John P. Dominguez
Assistant United States Attorney
Bar #: DC 959809
555 4th Street, N.W. Room #4229
Washington, DC 20530
202-252-7684
john.dominguez@usdoj.gov
cell: 202-809-8686