UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF JASON LEOPOLD TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS AND ORDERS | 1:13-mc-00712-BAH |

**JOINT STATUS REPORT OF JUNE 11, 2021**

The United States, by and through its attorney, the United States Attorney for the District of Columbia (the "Government"), and Petitioners Jason Leopold and the Reporters Committee for Freedom of the Press (the "Reporters Committee") (collectively "Petitioners"), respectfully submit this Joint Status Report as directed by the Court in its Minute Order of May 25, 2021.

Specifically, the Court's Minute Order directed the parties to include the following information in this Joint Status Report:

> "[A] list of the sealed matters for which the government has completed review and redactions and filed the necessary motion to unseal the matter, with a proposed order that identifies by docket entry the unredacted documents that must remain under seal and the redacted documents, to effectuate the D.C. Circuit's mandate in *In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121 (D.C. Cir. 2020)[.]"

*Id.*

**Government's Position:** Due to the unprecedented scope and demands of the investigations and prosecutions stemming from the January 6, 2021 attack on the U.S. Capitol, the government's resources and attention have largely been consumed by those matters. However, the government is mindful of the requirements of the Court's Order and has taken steps to institute a process for the review and redaction of the relevant sealed documents. Specifically, the government has consulted the Clerk's Office regarding expanded access to the sealed

documents to provide for more personnel to review and propose redactions for the sealed documents. Additionally, the government has consulted the Clerk's Office regarding a more efficient method for submission to the court of redacted documents to be unsealed. These steps will enhance the government's ability to more efficiently review the sealed materials. Additionally, the government has a plan to have additional staffing available to review the sealed materials and make the proscribed redactions, as soon as the above-described steps are in place. If the Court grants the government leave to file its status report by June 18, 2021, the government hopes to be in a position to provide a more fulsome description.   [The Government's request for another status report was made after petitioners had submitted the below position.]  Petitioners state that they do not oppose the Government's request to file a status report on June 18, 2021, provided that the status report is joint and that Petitioners are provided the opportunity to respond to the Government's position at that time.  [Petitioner's authorized the Government to file this joint status report with their positions at 4:53 p.m. June 11, 2021.]

**Petitioners' Position:**

      Since the Court's February 9, 2021 Memorandum Opinion and Order, ECF No. 71, counsel for Petitioners and the Government have met and conferred on several occasions to discuss the Government's compliance with the D.C. Circuit's mandate in *In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121 (D.C. Cir. 2020) ("*Leopold*"). As detailed in the Government's April 12, 2021 status report to the Court, ECF No. 72, the Government informed Petitioners in an April 8, 2021 meet and confer that the Clerk of the Court had provided counsel for the Government with access to the sealed electronic surveillance matters at issue so that the Government could begin the process of reviewing, redacting, and filing motions

to unseal those judicial records in existing Stored Communications Act ("SCA") and Pen Register Act ("PRA") matters subject to the *Leopold* mandate—starting with the most recently filed matters and working backward in time.[1] Following the Court's May 25, 2021 Minute Order, counsel for Petitioners and the Government again conferred on June 3, 2021.

It is Petitioners' understanding that the Government, to date, has not filed a single motion to unseal judicial records in any sealed SCA or PRA matter in accordance with that process. *See* Minute Order, May 25, 2021 (noting that "in the almost four months since the Court's February 9, 2021 Memorandum Opinion and Order . . . no unsealing motions that would permit the unsealing of sealed matters have been submitted[.]"). Indeed, Petitioners now understand that since April, when counsel for the Government was provided access to existing sealed SCA and PRA matters, the Government has taken no steps, whatsoever, toward effectuating the D.C. Circuit's mandate in *Leopold* and this Court's February 9, 2021 Memorandum Opinion and Order.

Petitioners and the public have a very real need for access to sealed SCA and PRA materials subject to the *Leopold* mandate. For example, recent reporting has disclosed that the United States Department of Justice ("DOJ") in late 2020 used legal process to obtain or attempt to obtain telephone toll records and non-content email communications records of journalists at *The Washington Post*, CNN, and *The New York Times*.[2] And, as the *Times* has reported, a

---

[1] As to public access to such materials on a moving forward basis, counsel for the Government also reported in April 2021 that the Government would begin filing SCA and PRA pleadings—with personally identifiable information, as defined in the Court's February 9, 2021 Memorandum Opinion and Order, redacted—at the same time that the original sealed pleadings are filed. To Petitioners' knowledge, the Government has not implemented that process; SCA and PRA applications continue to be filed under seal with no corresponding redacted, public version. The Government's failure to implement this change has increased the number of sealed PRA and SCA records that the Government needs to review, redact, and move to unseal to effectuate the *Leopold* mandate.

[2] Devlin Barrett, *Trump Justice Department secretly obtained Post reporters' phone records*, Wash. Post (May 7, 2021), https://perma.cc/X6UQ-L26X (reporting that "prosecutors got a court

nondisclosure order was imposed on *Times* executives in connection with the order the Government obtained pursuant to 18 U.S.C. § 2703(d) of the SCA ("Section 2703(d)") for *New York Times* reporters' email records.[3]

The Section 2703(d) order for *New York Times* reporters' email records has been made public by the *Times*.[4]  However, other judicial records related to the Section 2703(d) orders obtained by the Government for the non-content email communications records of both the *Washington Post* and *New York Times* reporters are currently under seal in this District.  Obtaining prompt access to those sealed SCA materials—which are subject to the *Leopold* mandate—is of the highest importance to members of the news media, as counsel for the Reporters Committee informed counsel for the Government in their June 3, 2021 meet and confer.

---

order to obtain 'non content communication records' for the reporters' work email accounts, but did not obtain such records"); Jeremy Herb and Jessica Schneider, *Trump administration secretly obtained CNN reporter's phone and email records*, CNN (May 20, 2021), https://perma.cc/SJ6U-F9QV (reporting that prosecutors obtained phone and email records for CNN correspondent Barbara Starr covering a two-month period); Charlie Savage and Katie Benner, *Trump Administration Secretly Seized Phone Records of Times Reporters*, N.Y. Times (June 2, 2021), https://perma.cc/GG2R-GYDX (reporting that the government seized phone records for four *New York Times* reporters and "also secured a court order to seize logs—but not contents—of their emails," but that the government said "no [email] records were obtained").

[3] *See* Charlie Savage and Katie Benner, *U.S. Waged Secret Legal Battle to Obtain Emails of 4 Times Reporters*, N.Y. Times (June 4, 2021), https://perma.cc/2DQQ-9AJ6 (reporting that prosecutors "in the office of the United States attorney in Washington had obtained a sealed court order from a magistrate judge on Jan. 5 requiring Google to secretly turn over" the reporters' non-content email records and "in early March . . . asked a judge to permit telling [*New York Times* Deputy General Counsel David McCraw].  But the disclosure to him came with a nondisclosure order preventing him from talking about it to other people. . . .  Eventually, [assistant United States Attorney Tejpal] Chawla agreed to ask the judge to modify the gag order so Mr. McCraw could discuss the matter with *The Times*'s general counsel and the company's outside lawyers, and then with two senior *Times* executives . . . .").

[4] *See* Order, *In re Appl. of USA for 2703(d) Order for Six Email Accounts Serviced by Google LLC for Investigation of Violation of [Redacted]*, SC No. 20-sc-3361 (Jan. 5, 2021), https://perma.cc/Z5KJ-PNH3.

Indeed, on June 8, 2021, *The New York Times* filed a motion to unseal the sealed judicial records related to the Section 2703(d) order for its reporters' non-content email communications records in this District. This Court has previously indicated that press and public access to specific sealed SCA and PRA materials in this District—such as the Government's applications for Section 2703(d) orders to obtain *New York Times* and *Washington Post* reporters' non-content email communications records—will be afforded pursuant to the process purportedly being implemented by the Government for complying with the *Leopold* mandate. *See, e.g.*, Mem. Op. and Order, *In the Matter of Appl. of Jason Leopold and BuzzFeed, Inc. for Access to Certain Sealed Court Records*, No. 1:20-mc-95-BAH, *13 (Dec. 10, 2020) (consolidating application to unseal certain specific electronic surveillance applications and orders with the above-captioned action, noting that consolidation "may mean petitioners here will not have access to the requested records as quickly as they would like" because such materials "to the extent they exist, will be unsealed not on demand but rather in the course of the wholesale unsealing that, as explained, implementation of the D.C. Circuit's mandate in *Leopold* requires."). However, the Government—contrary to Petitioners' expectations and this Court's orders—has not even begun that wholesale unsealing process. And its failure to move to unseal even a single sealed PRA or SCA matter in the eleven months since the D.C. Circuit issued its decision in *Leopold*, or in the four months since this Court's February 9, 2021 Memorandum Opinion and Order, has left Petitioners and other members of the press and public, like the *Times*, without any ability to exercise their common law right to inspect any specific SCA and PRA application absent further order(s) of the Court.

For the foregoing reasons, Petitioners respectfully request that the Court enter an order in the above-captioned action:

(1) requiring, within sixty (60) days of the date of the Court's order, the Government to review, redact, and move to unseal all SCA and PRA materials subject to the *Leopold* mandate—in accordance with that mandate and this Court's February 9, 2021 Memorandum Opinion and Order—that were filed in this District from November 1, 2020 to the date of the Court's order, and further requiring that the Government propose a schedule in its next status report to the Court for the unsealing of all remaining SCA and PRA materials subject to the *Leopold* mandate;

(2) requiring the Government to file a status report with the Court every thirty (30) days—rather than every sixty (60) days, as currently required—that includes a list of all of the sealed matters for which the Government has completed review and redactions and filed a motion to unseal since its last status report, with a proposed order that identifies by docket entry the unredacted documents the Government asserts must remain under seal and the redacted versions of those documents;

(3) requiring, as of thirty (30) days of the date of the Court's order, that all newly filed, sealed PRA and SCA applications subject to the *Leopold* mandate be filed with a

(4) redacted, public version, in accordance with the Government's representations in its April 12, 2021 status report to the Court, *see* ECF No. 72.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY
        D.C. Bar No.  415-793

By: _____
        John P. Dominguez
        Assistant United States Attorney
        Bar #: DC 959809
        555 4th Street, N.W.  Room #4229
        Washington, DC  20530
        202-252-7684
        john.dominguez@usdoj.gov
        cell: 202-809-8686

        and

        Respectfully submitted,

        Katie Townsend
        DC Bar No. 1026115
        THE REPORTERS COMMITTEE FOR
          FREEDOM OF THE PRESS
        1156 15th Street NW, Suite 1020
        Washington, DC 20005
        Phone: 202.795.9300
        Facsimile: 202.795.9310
        ktownsend@rcfp.org

        *Counsel for the Reporters Committee for Freedom of the Press*

                                                Jeffrey L. Light
                                                D.C. Bar No. 485360
                                                1712 Eye St., NW, Suite 915 Washington, DC 20006
                                                Phone: 202.277.6213
                                                Jeffrey@lawofficeofjeffreylight.com

                                                *Counsel for Jason Leopold*