UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF JASON LEOPOLD TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS AND ORDERS | 1:13-mc-00712-BAH |

## JOINT STATUS REPORT OF JUNE 21, 2021

The United States, by and through its attorney, the United States Attorney for the District of Columbia (the "Government"), and Petitioners Jason Leopold and the Reporters Committee for Freedom of the Press (the "Reporters Committee") (collectively "Petitioners"), respectfully submit this Joint Status Report as directed by the Court in its Minute Order of June 15, 2021.

Outlined below is the Government's plan for the review and redaction of the specified sealed documents and implementation of the Court's Order, followed by Petitioners' Position.

**Government's Position**:

### Eight Categories of Historic Documents[1]

The government has created a plan to address the eight categories of documents outlined in the Court's Order. Beginning with outlined documents in the 2020 time range and working backwards, the government will first identify relevant sealed documents. This process will include segregating documents that pertain to the grand jury and are therefore exempt from redaction and publication and those documents filed by components of U.S. Department of Justice ("DOJ")

---

[1] *See id.* at *5-6.

1

components outside of the U.S. Attorney's Office,[2] and identifying those matters that pertain to ongoing investigations.

Those documents that fall under the Court's Order will then be downloaded and placed in a folder for review and redaction. Government personnel assigned to this review will then access these documents and redact the documents in accordance with the guidance provided in the Court's February 9, 2021 Memorandum Opinion and Order (Doc. No. 71). Once documents are properly redacted, the redacted documents will be filed, along with a motion requesting their unsealing and publication. Given the volume of materials at issue, the government expects that completion of review and redaction of all eight categories of information will take a substantial period of time. However, the government has a plan for ensuring that adequate staffing be assigned to assist in this undertaking. The government will continue to update the Court and Petitioners every sixty days of the status of its efforts.

In order to streamline this process in the most expeditious manner as possible, as set forth in the Joint Status Report filed on June 11, 2021 (Doc. No. 73), the government has continued to consult with the Clerk's Office regarding expanded access to the sealed documents to provide for more personnel to review and propose redactions for the sealed documents. Additionally, the government has consulted the Clerk's Office regarding a more efficient method for submission to the court of redacted documents to be unsealed.[3] These steps will enhance the government's ability to more efficiently review the sealed materials and request unsealing once the review of a given

---

[2] The government will coordinate with these DOJ components so that they can undertake similar efforts regarding redaction and publication.

[3] In addition to streamlining the necessary pleadings, the government will endeavor to work with the Clerk's Office about ensuring that all necessary mechanisms (*e.g.*, fields in ECF for filing this proposed unsealing package) are in place.

application is complete, and for the Court to easily unseal the redacted filings, thereby allowing public access. Moreover, as stated above, the government has a plan to have additional staffing available to review the sealed materials and make the proscribed redactions, as soon as the above-described steps are in place.

### Responsive Materials After March 31, 2020

The government will endeavor to also employ the same process set forth above to relevant documents filed after March 31, 2020, in order to ensure that redacted documents are appropriately filed.

Prospectively, the government will begin implementing procedures directing that appropriately-redacted versions of each petition be filed under seal contemporaneously with the unredacted original request. For instance, if a prosecutor files a search warrant under the Stored Communications Act today, he/she would also file a redacted copy of that warrant at the same time. The government's proposed procedures will also include guidance about ensuring that these materials are appropriately unsealed when the investigation is closed – specifically, government personnel will be directed to move to unseal all redacted copies of specified legal process at the culmination of an investigation.[4] In addition, the government plans to institute control dates when government personnel will be directed to assess whether given matters still remain open in order to ensure that redacted materials are appropriately being unsealed. Having documents redacted as a matter of course and placed in the Court file under seal along with the unsealed request will ensure that, going forward, the process of unsealing specified documents can be easily facilitated.

---

[4] The government will also work with Main Justice components to advocate that similar procedures be implemented.

**Petitioner's Position:**

Following entry of the Court's Minute Order of June 15, 2021, counsel for Petitioners and the Government again met and conferred to discuss the Government's compliance with the D.C. Circuit's mandate in *In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121 (D.C. Cir. 2020) ("*Leopold*").

Petitioners understood in early April that the Government—as detailed in its April 12, 2021 status report to the Court, ECF No. 72—had been provided the necessary access to the sealed electronic surveillance matters at issue by the Clerk of the Court, and was in a position to begin the process of reviewing, redacting, and filing motions to unseal judicial records in existing Stored Communications Act ("SCA") and Pen Register Act ("PRA") matters consistent with the *Leopold* mandate and in accordance with this Court's February 9, 2021 Memorandum Opinion and Order —starting with the most recently filed matters and working backward in time.[5]

The Government, to date, has not filed a single motion to unseal judicial records in any sealed SCA or PRA matter in accordance with that process. *See* Minute Order, May 25, 2021 (noting that "in the almost four months since the Court's February 9, 2021 Memorandum Opinion and Order . . . no unsealing motions that would permit the unsealing of sealed matters have been submitted[.]"). Nor has the Government proposed any timeline for unsealing any currently sealed SCA and PRA materials subject to the *Leopold* mandate; it has not proposed any timeline, whatsoever, for completion of any of the steps described in its proposal, outlined above. Moreover,

---

[5] As to public access to such materials on a moving forward basis, counsel for the Government reported in April 2021 that the Government would begin filing SCA and PRA pleadings—with personally identifiable information, as defined in the Court's February 9, 2021 Memorandum Opinion and Order, redacted—at the same time that the original sealed pleadings are filed. The Government has not implemented that process, as it indicates above; SCA and PRA applications continue to be filed under seal with no corresponding redacted, public version. Moreover, the Government has not proposed any timeline for implementing that process.

4

the Government's proposal is vague in key respects; it does not, for example, appear to include SCA and PRA matters filed by the Department of Justice, even though such materials fall within the eight categories of documents set forth in the Court's December 17, 2020 Memorandum Opinion and Order that the Government's proposal purports to address. *Compare supra*, n. 4 (stating that the Government "will also work with Main Justice components *to advocate that similar procedures be implemented*") (italics added); *with* Mem. Op. and Order, *In the Matter of Appl. of Jason Leopold and BuzzFeed, Inc. for Access to Certain Sealed Court Records*, No. 20-mc-95-BAH, *12–15 (Dec. 17, 2020).

As Petitioners emphasized to the Government during their recent meet and confer discussions, the press and public require access to currently sealed SCA and PRA materials, including in specific, closed cases—materials to which the D.C. Circuit has held are presumptively open to public inspection under common law. *Leopold*, 964 F.3d at 1128. In particular, recent reporting has disclosed that the United States Department of Justice ("DOJ") in late 2020 used legal process to obtain or attempt to obtain telephone toll records and non-content email communications records of journalists at *The Washington Post*, CNN, and *The New York Times*.[6] And, as the *Times* has reported, a nondisclosure order was imposed on *Times* executives in

---

[6] Devlin Barrett, *Trump Justice Department secretly obtained Post reporters' phone records*, Wash. Post (May 7, 2021), https://perma.cc/X6UQ-L26X (reporting that "prosecutors got a court order to obtain 'non content communication records' for the reporters' work email accounts, but did not obtain such records"); Jeremy Herb and Jessica Schneider, *Trump administration secretly obtained CNN reporter's phone and email records*, CNN (May 20, 2021), https://perma.cc/SJ6U-F9QV (reporting that prosecutors obtained phone and email records for CNN correspondent Barbara Starr covering a two-month period); Charlie Savage and Katie Benner, *Trump Administration Secretly Seized Phone Records of Times Reporters*, N.Y. Times (June 2, 2021), https://perma.cc/GG2R-GYDX (reporting that the government seized phone records for four *New York Times* reporters and "also secured a court order to seize logs—but not contents—of their emails," but that the government said "no [email] records were obtained").

connection with the order the Government obtained pursuant to 18 U.S.C. § 2703(d) of the SCA ("Section 2703(d)") for *New York Times* reporters' email records.[7]

The Section 2703(d) order for *New York Times* reporters' email records has been made public by the *Times*.[8]  However, other judicial records related to the Section 2703(d) orders obtained by the Government for the non-content email communications records of both the *Washington Post* and *New York Times* reporters are currently under seal in this District.[9]  Obtaining prompt access to those sealed SCA materials—which are subject to the *Leopold* mandate—is of the highest importance to members of the news media.  Indeed, on June 8, 2021, *The New York Times* filed a motion to unseal the sealed judicial records related to the Section 2703(d) order for its reporters' non-content email communications records in this District that is now pending before Magistrate Judge Faruqui.  *See* Application, *In the Matter of Appl. of the New York Times Company for Access to Certain Sealed Court Records*, No. 21-mc-00091-ZMF (June 8, 2021).

---

[7] *See* Charlie Savage and Katie Benner, *U.S. Waged Secret Legal Battle to Obtain Emails of 4 Times Reporters*, N.Y. Times (June 4, 2021), https://perma.cc/2DQQ-9AJ6 (reporting that prosecutors "in the office of the United States attorney in Washington had obtained a sealed court order from a magistrate judge on Jan. 5 requiring Google to secretly turn over" the reporters' non-content email records and "in early March . . . asked a judge to permit telling [*New York Times* Deputy General Counsel David McCraw].  But the disclosure to him came with a nondisclosure order preventing him from talking about it to other people. . . .  Eventually, [assistant United States Attorney Tejpal] Chawla agreed to ask the judge to modify the gag order so Mr. McCraw could discuss the matter with *The Times*'s general counsel and the company's outside lawyers, and then with two senior *Times* executives . . . ").

[8] *See* Order, *In re Appl. of USA for 2703(d) Order for Six Email Accounts Serviced by Google LLC for Investigation of Violation of [Redacted]*, SC No. 20-sc-3361 (Jan. 5, 2021), https://perma.cc/Z5KJ-PNH3.

[9] Judicial records in the Eastern District of Virginia relating to the Section 2703(d) order for the email communication records of CNN Pentagon Correspondent Barbara Starr have been unsealed and are publicly available via ECF/PACER.  *See In re: Application of the United States of America for Order Pursuant to 18 USC 2703(d)*, No. 20-dm-00012-AJT-1 (E.D.V.A., filed Nov. 10, 2020).

This Court has previously indicated that press and public access to specific sealed SCA and PRA materials in this District will be afforded pursuant to the process to be implemented by the Government in compliance with the *Leopold* mandate. *See, e.g.*, Mem. Op. and Order, *In the Matter of Appl. of Jason Leopold and BuzzFeed, Inc. for Access to Certain Sealed Court Records*, No. 20-mc-95-BAH, *13 (Dec. 10, 2020) (consolidating application to unseal certain specific electronic surveillance applications and orders with the above-captioned action, noting that consolidation "may mean petitioners here will not have access to the requested records as quickly as they would like" because such materials "to the extent they exist, will be unsealed not on demand but rather in the course of the wholesale unsealing that, as explained, implementation of the D.C. Circuit's mandate in *Leopold* requires."). However, the Government—contrary to Petitioners' expectations and this Court's orders—has not begun that wholesale unsealing process. And its failure to move to unseal even a single sealed PRA or SCA matter in the eleven months since the D.C. Circuit issued its decision in *Leopold*, or in the four months since this Court's February 9, 2021 Memorandum Opinion and Order, and its failure now, even to propose a timeline for unsealing any matters subject to the *Leopold* mandate, has left Petitioners and other members of the press and public without the ability to exercise their common law right to inspect any specific SCA and PRA application or order absent filing a separate application to unseal—as the *Times* has done—or further order(s) of this Court.

For the foregoing reasons, Petitioners respectfully renew their request, as outlined in the parties' June 11, 2021 Joint Status Report to the Court, ECF No. 73, that the Court enter an order in the above-captioned action:

(1) requiring, within sixty (60) days of the date of the Court's order, the Government to review, redact, and move to unseal all SCA and PRA materials subject to the *Leopold*

7

mandate—in accordance with that mandate and this Court's February 9, 2021 Memorandum Opinion and Order—that were filed in this District from November 1, 2020 to the date of the Court's order, and further requiring that the Government propose a schedule in its next status report to the Court for the unsealing of all remaining SCA and PRA materials subject to the *Leopold* mandate;

(2) requiring the Government to file a status report with the Court every thirty (30) days—rather than every sixty (60) days, as currently required—that includes a list of all of the sealed matters for which the Government has completed review and redactions and filed a motion to unseal since its last status report, with a proposed order that identifies by docket entry the unredacted documents the Government asserts must remain under seal and the redacted versions of those documents;

(3) requiring, as of thirty (30) days of the date of the Court's order, that all newly filed, sealed PRA and SCA applications subject to the *Leopold* mandate be filed with a redacted, public version, in accordance with the Government's representations in its April 12, 2021 status report to the Court, ECF No. 72, and above.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415-793

By: _____
John P. Dominguez
Assistant United States Attorney
Bar #: DC 959809
555 4th Street, N.W.  Room #4229
Washington, DC  20530

202-252-7684
john.dominguez@usdoj.gov
cell: 202-809-8686
 and

Respectfully submitted,

Katie Townsend
DC Bar No. 1026115
THE REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel for the Reporters Committee for Freedom of the Press*


Jeffrey L. Light
D.C. Bar No. 485360
1712 Eye St., NW, Suite 915 Washington, DC 20006
Phone: 202.277.6213
Jeffrey@lawofficeofjeffreylight.com

*Counsel for Jason Leopold*