UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF JASON LEOPOLD TO UNSEAL CERTAIN ELECTRONIC SURVEILLANCE APPLICATIONS AND ORDERS | Misc. Action No. 13-mc-00712 (BAH) |

**PETITIONERS' MOTION TO MODIFY STANDING ORDER 22-05**

The Reporters Committee for Freedom of the Press and Jason Leopold (collectively, "Petitioners") hereby respectfully move this Court to modify the procedures set forth in Standing Order 22-05 (the "Standing Order"). Counsel for Petitioners and the U.S. Attorney's Office for the District of Columbia (the "Government") conferred via email in advance of this motion's submission; the Government's position on Petitioners' request for relief is reproduced below.

**RELEVANT BACKGROUND**

**I.  The D.C. Circuit's Mandate**

The above-captioned matter involves public access to judicial records related to the Government's use of electronic-surveillance tools in law enforcement investigations (hereinafter, collectively, "Subject Criminal Investigative Records"). Standing Order 22-05 at 1; *see also* Op. & Order 12–15, ECF No. 69 (Dec. 17, 2020). In July 2020, the D.C. Circuit held that the common law right of access applies to Subject Criminal Investigative Records, and that such records cannot remain entirely sealed indefinitely after any related investigation is closed—even if their unsealing would prove administratively burdensome. *In re Leopold*, 964 F.3d 1121, 1133 (D.C. Cir. 2020) ("*Leopold*"); *see also* Standing Order 22-05 at 2–3 (describing D.C. Circuit's holding); Minute Order, *In re Appl. of Jason Leopold*, No. 13-mc-712 (D.D.C. Sept. 1, 2020) (same).

1

## II.     This Court's Instructions

In December 2020, this Court stated that compliance with the *Leopold* mandate

> will require the government to file redacted versions of any documents containing personally identifiable information filed on a given docket, and then to file a motion to unseal the case docket indicating the matter is closed and identifying, by filed document number, the unredacted versions of the government-redacted documents to remain under seal. Once the motion is filed, the Clerk's Office will unseal the matter, thereby revealing for public access the docket entries with redacted versions of the sealed documents and keeping sealed only the specified unredacted original documents. In other words, that is the outline of the plan for all such judicial records.

*In re Appl. of Jason Leopold*, No. 13-mc-712, 2020 WL 7481037, at *3 (D.D.C. Dec. 17, 2020); *see also* Minute Order, No. 13-mc-712 (D.D.C. May 25, 2021) (reiterating the Court's instructions).

The Court ordered the parties to "jointly submit, by January 29, 2021, a status report that include[d] a specific proposal for implementing the *Leopold* mandate as to both 'prospective' and 'retrospective' relief[.]" *Id.* In their January 29 joint status report, the parties explained, among other things, their disagreement over the information to be redacted from Subject Criminal Investigative Records before their public filing. Status Report of Jan. 29, 2021 at 7–10, ECF No. 70. The Court resolved the parties' disagreement eleven days later. Op. & Order 15, ECF No. 71 (Feb. 9, 2021). The Court further ordered the Government to "begin redacting and unsealing" Surveillance Records

> starting with applications filed in 2020 for SCA warrants, SCA § 2703(d) orders, PR/TTs, and foreign requests for use of these investigative authorities pursuant to Mutual Legal Assistance Treaties, see 18 U.S.C. § 3512(a)(2)(B)–(C); and then proceeding in reverse chronological order through 2008, not proceeding to 2019 applications until all 2020 applications are unsealed, not proceeding to 2018 applications until all 2019 applications are unsealed, and so on[.]

*Id.* Finally, the Court ordered the Government to "submit a status report by April 12, 2021, and every 60 days thereafter, informing the Court of its progress in unsealing the judicial records at issue." *Id.* at 16.

### III.     The Government's Status Reports

On April 12, 2021, the Government filed a status report in which it (a) confirmed that it had been provided "access to the past sealed electronic surveillance pleadings," and (b) sketched a one-paragraph plan for implementing the Court's Order of February 2021. Status Report of Apr. 12, 2021 at 1–2, ECF No. 72.

In response, the Court observed that, although it had been "almost four months since" the Court had "direct[ed] the government to commence . . . redaction and unsealing," the Government had submitted "no unsealing motions[.]" Minute Order (May 25, 2021). The Court ordered that the next status report, due June 11, include "a list of the sealed matters for which the government has completed review and redactions and filed the necessary motion to unseal the matter, with a proposed order that identifies by docket entry the unredacted documents that must remain under seal and the redacted documents to be made public[.]" *Id.*

The June 11, 2021 joint status report contained no such list. Citing "the unprecedented scope and demands of the investigations and prosecutions stemming from the January 6, 2021 attack on the U.S. Capitol[,]" *id.* at 1, the Government requested—and the Court granted— permission to file an additional status report on June 18.[1] *Id.* at 2. The Government promised to provide in that report "a more fulsome description" of its plans to comply with the Court's instructions. *Id.* On June 21, the parties filed the additional joint status report requested by the Government. Therein, the Government represented that it intended to redact and move to unseal

---

[1] Petitioners did not oppose the Government's request.

3

all Subject Criminal Investigative Records "in accordance with the guidance provided in the Court's February 9, 2021 Memorandum Opinion and Order (Doc. No. 71)." Status Report of June 21, 2021 at 2, ECF No. 74.

The Government filed additional status reports in August, October, and December 2021. ECF Nos. 75–77.  The Government did not meet and confer with Petitioners before filing these reports, as it had done with respect to prior status reports.  Accordingly, Petitioners had no insight into the Government's planning or progress beyond what those reports conveyed.  In those reports, the Government communicated that it had not yet filed redacted versions of, or moved to unseal, any Subject Criminal Investigative Records.  *See id.*  The Government did not propose, or indicate that it was considering, any deviations from the procedure described in this Court's orders of December 2020, February 2021, and May 2021. *See* ECF Nos. 69, 71; Minute Order (May 25, 2021).

On January 24, 2022, Petitioners informed the Government, by email, that they were concerned by the Government's delay in effectuating this Court's orders and asked whether the Government had any additional information to provide on either its progress or barriers thereto. *See* Exhibit A to Declaration of Jennifer A. Nelson. On January 25, the Government provided Petitioners with a copy of Standing Order 22-05, which had been filed earlier that day. *Id.*

## IV.  Standing Order 22-05

Standing Order 22-05 "establishes uniform procedures for the public docketing of unsealed, redacted" Subject Criminal Investigative Records.  Standing Order 22-05 at 1.  These procedures differ from the instructions found in the Court's order of December 2020.  *See id.* at 5 (describing this Court's December 2020 instructions as "one possible method of operationalizing the [D.C.] Circuit's expansive unsealing mandate in *Leopold*").  The Standing Order explains that the Court's December 2020 instructions, "while conceptually straightforward," would have

4

"involved multiple steps by the USAO and the DOJ, and the Clerk's Office, as well as an anticipated overwhelming number of proposed unsealing orders to be prepared and filed by the government and then reviewed and executed by a Judge or Magistrate Judge of this Court." *Id.* at 6. The Standing Order further explains that, using the current version of the Court's CM/ECF system, it is impossible to unseal only selected portions of a docket that has already been sealed in its entirety. *Id.* at 7.

To address these concerns, the Standing Order instructs the Clerk of Court, among other things, to create three "master dockets" per calendar year: an "sc" master docket for Subject Criminal Investigative Records created pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2703(a), (c), & (d); a "pr" master docket for Subject Criminal Investigative Records created pursuant to the Pen Register Act ("PRA"), 18 U.S.C. § 3123; and an "ml" master docket for Subject Criminal Investigative Records created pursuant to requests from foreign nations subject to a Mutual Legal Assistance Treaty ("MLAT"), 18 U.S.C. § 3512. Standing Order 22-05 at 8. According to the Standing Order, all of the Subject Criminal Records that the Government unseals during a calendar year will be filed on the appropriate master docket for that calendar year. *Id.* at 8–9.

On February 22, 2022, the Government filed a status report in which it stated that it "continues to familiarize itself with" the process set forth in the Standing Order and that it "has filed a handful of documents in order to test out the process and be able to create detailed guidance about the procedure." Status Report of Feb. 22, 2022 at 1, ECF No. 78. The Government's status report contains no information about the quantity or type of Subject Criminal Investigative Records the Government has downloaded from ECF for review, the quantity or type of Subject Criminal Investigative Records the Government has redacted, or the

5

date by which the Government expects to begin uploading unsealed Subject Criminal Investigative Records to the appropriate master dockets.

The Government's status report also states that "the Government is creating guidance and systems to ensure compliance with the mandates set forth by the Court regarding materials covered by *Leopold*." *Id.* at 2. The Government provides no further information on the nature of the "guidance and systems" it is developing. *Id.*

## ARGUMENT

Petitioners recognize that the Standing Order represents this Court's and the Government's efforts to comply with the *Leopold* mandate within the constraints imposed by the policies of the Clerk's Office and the current capabilities of the CM/ECF system. In the same spirit, Petitioners respectfully request that the Court make the following modifications to the procedures set forth in the Standing Order. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312 (1978) ("Every court has supervisory power over its own records and files . . . ."); Local Civ. R. 40.7(h) (assigning to the Chief Judge the power to "issue executive orders relating to court administration and take such other administrative actions . . . as in his or her judgment are necessary to assure the just, speedy and inexpensive determination of cases"). Petitioners submit that the proposed modifications will better facilitate public access to Subject Criminal Investigative Records without increasing the burden of compliance with the *Leopold* mandate.

**Proposed Modification 1a.** Pursuant to the Standing Order, unsealed Subject Criminal Investigative Records will be filed on the master docket of the calendar year in which they were unsealed. As a result, master dockets inevitably will contain Subject Criminal Investigative Records originating from many different years; for example, the "sc" master docket for 2023

6

may contain some unsealed SCA records from matters opened in 2019 and 2018; the "pr" master docket for 2023 may contain unsealed PRA records from matters opened in 2021 and 2022; and so on, depending on the pace of the government's review and redaction progress (both prospective and retrospective).

As an alternative, Petitioners propose that (1) the Clerk of Court create master dockets for the years 2008 and onward, and (2) the Government file unsealed Subject Criminal Investigative Records on the master docket corresponding to the year in which sealed docket was created. Under this proposed modification, when the Government has completed its review and redaction of Subject Criminal Investigative Records filed on a sealed docket created in, for instance, 2014, the Government will file the unsealed records on a 2014 master docket—*i.e.*, a docket designated **14-xx-9999**. Organizing unsealed Subject Criminal Investigative Records in this manner will make it easier for members of the public both to locate unsealed records from particular matters filed in particular years and to understand how, in general, the Government's use of electronic surveillance authorities has evolved over time.

**Proposed Modification 1b.**  Petitioners understand that since 2018 the Government has filed Subject Criminal Investigative Records on sealed dockets designated "sc," "pr," or "ml"— as contemplated by the Standing Order.  Before 2018, however, Petitioners understand that the Government filed Subject Criminal Investigative Records on sealed dockets designated "mc" or "mj."  Thus, under the current Standing Order, when the Government unseals Subject Criminal Investigative Records from a docket created before 2018, Government personnel will be required to make a judgment call as to whether the unsealed records belong on the present calendar year's "sc" master docket, "pr" master docket, or "ml" master docket.

To eliminate this step, streamline the filing process, and make the organization of unsealed records more predictable, Petitioners propose that, for the years 2008 through 2017, the Clerk of Court create only two types of master docket: an "mc" master docket and an "mj" master docket.  Under this proposed modification, when the Government unseals Subject Criminal Investigative Records filed on sealed docket created in, for instance, 2014, the Government will file the unsealed records on a master docket designated either **14-mc-9999** or **14-mj-9999**.

**Proposed Modification 2.**  Regardless of how the master dockets are organized—*i.e.*, in accordance with the current Standing Order or in accordance with the proposed modifications above—they will almost certainly be much larger than the docket of a typical case. Consequently, any member of the press or public who wishes to view even a single master docket for a single year is likely to incur significant PACER fees.  To alleviate this burden, Petitioners propose that a list of the entries on each master docket be made available on the Court's website.[2]

## CONCLUSION

Petitioners respectfully request that the Court issue a standing order that supersedes Standing Order 22-05 and modifies the procedures set forth in Standing Order 22-05 as proposed herein.

---

[2] By email, Petitioners sought the Government's position on the modifications proposed herein. *See* Exhibit B to the Declaration of Jennifer A. Nelson.  In relevant part, the Government responded as follows: "The government believes that the Court's standing order sets forth the most efficient and effective means of facilitating access to the documents in question. . . .  In addition, the issues of addressing fees incurred by PACER use or the possible option of the use of the Court website to post the master dockets remain solely within the purview of the Court." *Id.*

8

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 24, 2022 | /s/Katie Townsend |
|  | Katie Townsend |
|  | DC Bar No. 1026115 |
|  | THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS |
|  | 1156 15th Street NW, Suite 1020 |
|  | Washington, DC 20005 |
|  | Phone: 202.795.9300 |
|  | Facsimile: 202.795.9310 |
|  | ktownsend@rcfp.org |
|  | *Counsel for the Reporters Committee for Freedom of the Press* |
|  | /s/Jeffrey L. Light |
|  | Jeffrey L. Light |
|  | D.C. Bar No. 485360 |
|  | 1712 Eye St., NW, Suite 915 |
|  | Washington, DC 20006 |
|  | Phone: 202.277.6213 |
|  | Jeffrey@lawofficeofjeffreylight.com |
|  | *Counsel for Jason Leopold* |